### 45017. CANAL INSURANCE COMPANY v. WOODARD.

SUBMITTED JANUARY 9, 1970—DECIDED FEBRUARY 26, 1970—
REHEARING DENIED MARCH 11, 1970.

*Sharpe, Sharpe, Hartley & Newton, W. Ward Newton,* for appellant.

*Maurice Byers,* for appellee.

EBERHARDT, Judge. ■ Although plaintiff had not secured a title certificate for the Dodge, it would appear that as between him and the seller, Mr. Lord, he had acquired sufficient ownership of it to give him an insurable interest in it. *Code Ann.* § 68-415a (d) provides that "Except as provided in section 68-416a *and as between the parties* a transfer by an owner is not effective until the provisions of this section and section 68-416a have been complied with. . ." (Emphasis supplied). The provisions referred to are those for obtaining a title certificate on the vehicle. This section recognizes that as between the parties an ownership may change hands without the neces-

sity of transferring a title certificate by the seller and obtaining a new one in the name of the purchaser. *Allen v. Holloway,* 119 Ga. App. 676 (168 SE2d 196). However, as to third parties who may acquire an interest, it is essential that the title transfer be completed.

Thus, when the details of the trade had been agreed upon and delivery of the Dodge to plaintiff was made, he acquired such an interest in the vehicle to qualify it as a "newly acquired automobile" under the provisions of his policy. This was not a situation in which the dealer had simply loaned plaintiff an automobile. The evidence clearly indicates that there was a bona fide trade of the cars, the completion of which was delayed only by the circumstance of the collision and the repairs that were consequently necessary. See and compare *General Fire &c. Co. v. Kuffrey,* 115 Ga. App. 121 (153 SE2d 590).

While the policy requires that notice of acquisition of the vehicle be given within 30 days, it appears there was a compliance with this policy requirement in connection with the notice of the collision loss.

Whether the Ford became a temporary substitute for the Dodge when the dealer allowed plaintiff to use it until the Dodge could be repaired is a question that is not necessary to decide here. There is no claim in connection with the Ford.

There was no error in the denial of the summary judgment as to the collision claim.

2. However, the provisions of the Motor Vehicle Title Act, as related to this situation, had not previously been interpreted by the courts and serious legal questions were raised. *Mass. Benefit Life Assn. v. Robinson,* 104 Ga. 256, 291 (30 SE 918, 42 LRA 261); *Brown v. Seaboard Lumber &c. Co.,* 221 Ga. 35, 38 (142 SE2d 842). The defense was not a frivolous one. Merely because we may conclude that the defense is not well founded does not mean that bad faith is shown or make the defense of the action a frivolous one. If the defense has a reasonable basis and is not frivolously made, the good faith of the defendant is vindicated as effectively when the decision goes to the plaintiff as it does when the case is decided for the defendant. *Interstate*

*Life &c. Ins. Co. v. Williamson,* 220 Ga. 323, 325 (138 SE2d 668); *Gulf Life Ins. Co. v. Howard,* 110 Ga. App. 76 (137 SE2d 749). The recovery of attorney's fees under *Code Ann.* § 56-1206 is a penalty, not favored in the law, and the right thereto must clearly appear. *Love v. National Liberty Ins. Co.,* 157 Ga. 259, 271 (121 SE 648).

*Judgment affirmed as to the plaintiff's collision claim, but reversed as to his claim for penalty and attorney's fees. Jordan, P. J., and Pannell, J., concur.*