### 67387. McDOWELL v. OWENS.

SOGNIER, Judge.

Charles W. McDowell, Jr. brought an action in trover against Robert Owens to recover a 1978 Pontiac Gran Prix automobile. The trial court granted Owens' motion for summary judgment and denied McDowell's motion for partial summary judgment. McDowell appeals.

Appellant entered into an agreement with Prestige Auto Brokers, Inc. (P.A.B.) to sell the automobile. The agreement provided that P.A.B. would receive a $150 commission "[i]f during the term of this agreement the vehicle is either sold by P.A.B., or P.A.B. produces a purchaser ready, willing, and able to purchase the vehicle at the listing price." Appellant retained possession of the certificate of title but agreed "[i]n the event of a sale, . . . to convey to the purchaser a free and clear title to the vehicle above, and execute a purchase agreement." The list price for the automobile in the agreement was $5,275. When appellee approached P.A.B. with an offer to buy the Gran Prix, he was unable to pay the list price. P.A.B. contacted appellant's son (who was acting on behalf of his father in the sale of the car), who refused appellee's initial offer of $4,900 but stated he wanted to get at least $5,000 for the vehicle. P.A.B. then sold the car to appellee for $5,000, and received a check made payable to P.A.B. in payment for the automobile. P.A.B. was subsequently closed down by the Consumer Fraud Division of the Cobb County Solicitor's office. Appellant never received any of the money paid by appellee to P.A.B. for the automobile.

Appellant contends the trial court erred by granting appellee's motion for summary judgment and by denying his motion for partial summary judgment. We note initially that we agree with the trial court and appellant that OCGA § 11-2-403 (2) is not applicable here. In this instance, the terms of the agreement between appellant and P.A.B. show that appellant placed the automobile with P.A.B. and gave P.A.B. the power to sell the vehicle. P.A.B. was acting within its authority when it sold the automobile to appellee for $5,000 since appellant's son indicated his acceptance of the lower sum in the telephone conversation with a P.A.B. salesperson. Appellee's failure to obtain the certificate of title does not deprive him of any right, title, or interest in the Gran Prix under OCGA § 40-3-31 (d) since "[t]his section recognizes that as between the parties an ownership may change hands without the necessity of transferring a title certificate by the seller and obtaining a new one in the name of the purchaser." *Canal Ins. Co. v. Woodard*, 121 Ga. App. 356, 358 (173 SE2d 727)

(1970). P.A.B., authorized by appellant to sell the vehicle, is not a third party within the meaning of the statute. See *Allen v. Holloway*, 119 Ga. App. 676 (168 SE2d 196) (1969).

We find no error in the rulings of the trial court and, therefore, we affirm its judgment.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED MARCH 7, 1984 —
REHEARING DENIED MARCH 21, 1984 —

*Edward L. Savell, John C. Parker*, for appellant.
*B. Lee Crawford, Jr., Richard L. Stumm*, for appellee.