### 69808. GRIFFITH v. NANCE.
(332 SE2d 358)

POPE, Judge.

Harvey L. Griffith brought an action for trover against Steven L. Nance seeking the return of a 1980 Mercedes 300 SD automobile. A jury returned a verdict for appellee Nance and Griffith now appeals.

In December 1980 appellant Griffith entered into an agreement with Prestige Auto Brokers, Inc. (PAB) to find a buyer for his Mercedes. The listing agreement specified the list price as $28,500.

Pursuant to the agreement, Griffith left his car with the keys on PAB's lot so that PAB might demonstrate the car to potential buyers. Appellee Nance is a wholesale car dealer who had purchased cars from PAB before. Nance made an offer for the Mercedes which was less than the list price. The offer was initially rejected by PAB; however, an employee of PAB contacted Nance a day or two later and said they were authorized to accept the $24,000 offer. Nance got a cashier's check made to himself and endorsed it to PAB with the understanding that he would get the certificate of title from the owner later. This was the procedure that had been used in Nance's previous purchases from PAB. Before Griffith learned of the sale, PAB was closed by the Consumer Fraud Strike Force of Cobb County, and the principals of PAB absconded with all monies. Griffith never received anything from the sale of his car.

1. Griffith argues that the trial court erred in denying his motion for partial summary judgment and in denying his motion for directed verdict. "Where a motion for summary judgment is overruled and the case is tried, the appellate courts will review the sufficiency of the evidence to support the verdict as well as enumerations of alleged trial errors, but will not also review the denial of the motion for summary judgment." *Drillers Service v. Moody*, 242 Ga. 123, 124 (249 SE2d 607) (1978). Therefore, we will deal only with Griffith's contentions regarding his motions for directed verdict. "The very essence of a motion for a directed verdict is that there is no genuine issue of any material fact to be resolved by the triers of fact. [Cit.] Further, in considering a motion for directed verdict the evidence must be construed most favorably to the party opposing the motion . . . [Cit.] It is for the jury, not the trial judge, to resolve any material inconsistencies. [Cit.]" *Brown v. Commercial Credit Equip. Corp.*, 172 Ga. App. 568, 572 (323 SE2d 822) (1984).

The crux of Griffith's motion for directed verdict is his contention that the evidence showed unequivocally that PAB was a thief because it did not have authority to sell the car below the list price, and that Nance therefore cannot have any claim to the car because a thief cannot pass good title. In making this argument Griffith asserts that the doctrine of apparent authority upon which Nance relied in his defense is totally inapplicable. To support this, Griffith relies on the listing agreement and evidence from Nance that on the keys of the Mercedes he saw a tag with the price of $28,500 on it. Nance also testified that he was aware of PAB's standard listing agreement form and assumed that it was the one between Griffith and PAB. Nance did not see the actual listing agreement between PAB and Griffith.

From this Griffith argues that Nance had actual knowledge of the entire agreement and, thus, apparent authority is not applicable to this case.

The listing agreement provided in pertinent part: "2. This agreement shall be deemed to include any vehicle exchange or trade amount (other than the listing fee) to which I consent either in writing or verbally." Further, the agreement provided: "4. P.A.B. is hereby authorized during the term of this agreement: to place their own for sale signs on the vehicle, to remove any and all other such signs, to operate the vehicle for showing or demonstration purposes, and to have the vehicle in its possession from time to time as is necessary . . ." In Nance's testimony, he stated that he assumed that the $28,500 price he saw on the key ring was the asking price and not necessarily the listing price because he assumed PAB would want to make some money on the deal.

" ' "Apparent authority is the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons." "Apparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." (Cit.)' " *Arrington & Blount Ford v. Jinks*, 154 Ga. App. 785, 787 (270 SE2d 27) (1980).

We cannot agree that no jury issue regarding apparent authority existed here. The evidence construed most strongly in favor of Nance does not show that he had actual knowledge of the particulars of the listing agreement between Griffith and PAB. From his experience in the business, he assumed that PAB's price might be higher than the listing price to ensure PAB a greater profit. The listing agreement form in the present case is the same as that discussed in the case of *McDowell v. Owens*, 170 Ga. App. 421 (317 SE2d 275) (1984), which also involved PAB. There we held that the agreement gave PAB the power to sell the automobile listed in the agreement. Apparent authority was not an issue in *McDowell*, because the seller there set a price lower than the list price which PAB then got him. Affirming summary judgment to the buyer, the court held PAB acted within its authority to sell at that particular price. The holding in *McDowell* is dispositive of Griffith's contention that the agreement empowered PAB only to find and put him in contact with a buyer. PAB clearly had power to sell the car. The question then for the jury became one of apparent authority. Was Nance justified in believing PAB had authority to sell at the price he paid? Clearly, there was conflict in the evidence regarding the issue, and the trial court correctly submitted it

to the jury for resolution.

2. Our holding in Division 1 is dispositive of Griffith's enumerations concerning the trial court's refusal to charge on theft by conversion, theft by taking and the right of an owner of personal property to maintain an action in trover against one who purchases from a thief. We have held that Griffith empowered PAB to sell the car by his listing agreement. Thus, PAB could not be a thief of the car, though its principals appear later to have converted the money PAB received from the car. The charges on theft were inappropriate and the court did not err in refusing them.

3. We find no error in the court's refusal to give the charge requested as set out in enumeration of error four because we find the request was not adjusted to the facts of the case. See generally *Gibbs v. First Fed. Savings &c. Assn.*, 161 Ga. App. 27 (1) (289 SE2d 1) (1982). Nor do we find meritorious Griffith's contentions in his fifth enumeration that the trial court erred in modifying his request to charge on the motor vehicle certificate of title statute. As set out in Division 1, we find that both apparent authority and the holding in *McDowell v. Owens*, supra, apply in this case.

4. For the reasons discussed in Division 1, the court did not err in charging in regard to apparent authority. On appeal, Griffith argues that the principles in the charges apply only to general agents and not to special agents. This argument was not advanced below and we therefore will not consider it. See generally *Segars v. Printing Service Co.*, 170 Ga. App. 345 (1) (317 SE2d 322) (1984).

5. We find no merit in Griffith's seventh enumeration regarding the court's charges on the scope of authority of an agent for the reasons set out in Division 4.

6. There is no merit to Griffith's eighth enumeration for the reasons set out in Division 1 of our opinion.

7. We find no error in the trial court's admission of testimony on behalf of appellee Nance regarding the custom and practice of auto brokers in handling cars. "Questions of the relevancy of evidence are for the court. When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them." (Citations omitted.) *Williams v. State*, 153 Ga. App. 890, 892 (267 SE2d 305) (1980). Since Griffith attempted to show that Nance should have known that his actions were not proper or should have known that PAB was acting improperly, such evidence was relevant to show that the circumstances of Nance's dealings with PAB were not such that he should be on notice that anything was amiss.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 6, 1985.

*Edward L. Savell, John C. Parker,* for appellant.
*David Alexander Sellers,* for appellee.

