74499. MULLINS v. WHEATLEY GRADING CONTRACTORS, INC.
(361 SE2d 10)

SOGNIER, Judge.

William B. Mullins, trustee under the will of D. F. Mullins, Jr., brought an action against Wheatley Grading Contractors, Inc., and Larry Prather, Chairman of the Columbia County Board of Commissioners, alleging damage to property resulting from the construction of a sewer line across the Mullins' property. After Wheatley's motion for summary judgment was granted, Mullins voluntarily dismissed Prather from the action and filed this appeal from the trial court's grant of summary judgment in favor of Wheatley.

The record establishes that in 1972, D. F. Mullins, Jr. granted to Columbia County an easement across his property for the installation of a sewer line, and that appellee was a contractor on this project. It is undisputed that the agreement by which the county obtained the right to construct the sewer contemplated that upon completion of the work on Mullins' property, appellee would install a fence, and would, insofar as possible, restore the property to its former condition. In support of its motion for summary judgment, appellee proffered the affidavit of its president, George L. Wheatley, who stated on personal knowledge that the company had caused no damage to the land, and had properly installed a cyclone fence. In addition, Wheatley stated that all work on the property was completed by the spring of 1974. In opposition to the motion, appellant submitted the affidavit of JoAnn Mullins, widow of D. F. Mullins, Jr., who stated on personal

knowledge that the fence was never completed nor was the property properly restored. Nothing in her affidavit, however, rebuts appellee's evidence that no work on the Mullins property was done after 1974, and it is thus uncontroverted that the last work performed by appellee on appellant's property was completed more than 10 years prior to the initiation of this action.

1. OCGA § 9-3-30 provides that "[a]ll actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues." Appellant contends, however, that the trial court erred by granting summary judgment in favor of appellee because the acts and omissions complained of constitute a continuing nuisance, to which the statute of limitations does not apply. We do not agree. Although appellant argues that the presence of gradually occurring soil erosion on the property, allegedly resulting from appellee's acts or omissions, supports his claim that a continuing nuisance exists, the record shows the recovery sought was for damage to the property directly inflicted during the time of construction. "Where property has been taken or damaged for public purposes by public authorities or a quasi-public corporation, the party injured, being entitled under the constitution . . . to 'just and adequate compensation,' may bring one action therefor, within the time required by the statute of limitations, dating from the time of construction, not in tort for a nuisance, but to recover for the direct damage inflicted by the decrease in market value of the property damaged. . . ." *Georgia Power Co. v. Moore*, 47 Ga. App. 411, 413 (2) (170 SE 520) (1933). An action sounding in nuisance was therefore improper, and since appellant failed to bring an action within the time required by the statute of limitations, which ran from the time of the construction, the trial court did not err by granting summary judgment to appellee.

2. Appellant also alleges the trial court erred by granting summary judgment in favor of appellee on its claim for breach of contract. Appellant argues that the six-year statute of limitations for simple contracts in writing, set forth in OCGA § 9-3-24, did not begin to run in this case because no time was fixed in the contract for appellee's performance. This contention is not meritorious. Any "agreement" made by appellee directly with appellant was not supported by consideration and is therefore unenforceable. OCGA § 13-3-40 (a). Further, assuming without deciding that appellant is entitled to maintain an action as a third-party beneficiary of the contract between appellee and the county, see *Plantation Pipe Line Co. v. Three-D Excavators*, 160 Ga. App. 756 (287 SE2d 102) (1981), it was, or should have been, apparent to appellant that appellee had substantially completed its work on appellant's property in 1974, when appellee removed its employees and equipment. Therefore, if further work was required of appellee, the contract was breached at that time, and

the statute of limitations began to run. The record clearly reveals appellant was aware of any breach at that point. Any oral promises made by appellee to remedy the alleged breach would not toll the statute of limitations since there is no allegation here of actual fraud in any promises made, and contrary to appellant's argument, "only actual fraud tolls the statute of limitations." *Shipman v. Horizon Corp.*, 245 Ga. 808 (267 SE2d 244) (1980); OCGA § 9-3-96. *Rogers v. Norvell*, 174 Ga. App. 453, 458 (2) (330 SE2d 392) (1985), cited by appellant, is inapposite in that Florida law was applied in reaching the decision under the facts of that case.

In the instant case, the trial court did not err by granting summary judgment in favor of appellee on the claim for breach of contract.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 9, 1987.

*Allen W. Johnson*, for appellant.
*David H. Hanks, Tandy M. Menk*, for appellee.