## 75626. BEACON ENGINEERING COMPANY, INC. v. REECE.
(366 SE2d 694)

SOGNIER, Judge.

Beacon Engineering Company, Inc., appeals from the judgment entered on the jury verdict in favor of Curtis Reece in his suit against the company on a promissory note.

Construing the evidence to support the jury verdict, see *Bicknell v. Joyce Sportswear Co.*, 173 Ga. App. 897 (1) (328 SE2d 564) (1985), the transcript reveals that on October 24, 1985, appellant, a corporation wholly owned by Susie Chivington, entered into a contract to purchase an airplane from appellee to be delivered on January 1, 1986. A promissory note, executed in appellee's favor for $20,000, was signed by Susie Chivington, as appellant's secretary-treasurer, and her husband, Robin Chivington, as appellant's president. Robin Chivington died in December 1985 and Susie Chivington sought to cancel the contract, tendering payment in March 1986 for rental use of the airplane. The payment was returned to Ms. Chivington as unacceptable and when she retendered the amount, appellee turned the uncashed check over to his attorney with instructions to sue on the note. There was also evidence that in February of 1986, Dean Shields, a friend of Ms. Chivington's, expressed an interest in working for appellant and twice allowed his airplane to be used for appellant's business without charge.

1. We find no merit in appellant's argument that the trial court erred by refusing to admit evidence that the purchase agreement between the parties contained an implied condition that the agreement would be executed only if Robin Chivington remained alive so that

appellant's planned expansion could be implemented. " 'The promissory note is an unconditional contract of the [defendant] to pay the plaintiff according to the tenor of the instrument. [Cit.] Because the note contains an unconditional promise, the contract is complete as it was written; parol evidence may not be used to inject conditions on the obligation which are not apparent from the face of the note. [Cit.]' . . ." *Brooks v. McCorkle*, 174 Ga. App. 132, 133 (329 SE2d 214) (1985). In the absence of fraud, accident, or mistake, parol evidence relating to a condition not expressed in the note is incompetent to change the contract as represented on the face of the note. See *Bentley v. Nat. Bank of Walton County*, 175 Ga. App. 732, 733 (1) (334 SE2d 331) (1985). Testimony concerning such an implied condition was not admissible, id., and the trial court properly excluded it.

2. We find no error in the trial court's denial of appellant's motion for a directed verdict based on its defense of accord and satisfaction. " 'A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. [Cits.]' [Cit.] 'The standard of appellate review of the trial court's denial of a motion for a directed verdict is the "any evidence" standard. [Cit.]' [Cit.]" *C & W Land Dev. Corp. v. Kaminsky*, 175 Ga. App. 774, 775 (1) (334 SE2d 362) (1985). Since there was ample evidence that appellee had not accepted the check from Susie Chivington in accord and satisfaction of appellant's debt, a verdict in favor of appellant was not demanded.

3. The trial court did not err by admitting testimony elicited from Ms. Chivington on cross-examination that she had been good friends with Dean Shields for 20 years, that they were close friends, that Shields lives at her house and has lived there since March or April of 1986. " 'Questions of the relevancy of evidence are for the court. When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them.' . . . [Cit.]" *Griffith v. Nance*, 175 Ga. App. 59, 62 (7) (332 SE2d 358) (1985). We agree with the trial court that this evidence was relevant as to the reasons for appellant's attempted rescission of the purchase agreement in issue.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully with Divisions 1 and 2 but cannot hold, as does Division 3, the challenged evidence relevant even under liberal rules of admissibility.

Appellant's third enumeration is that the court erred in denying its motion in limine and in denying its motion for mistrial after certain evidence was admitted. Defendant sought to exclude evidence of Ms. Chivington's personal relationship with Mr. Shields. The first motion was denied, and during her cross-examination as an adverse witness at the conclusion of plaintiff's case, plaintiff was allowed to establish that she and Mr. Shields had been good friends for twenty years, that he currently lived at her house and they were close friends, and that he had lived at her house off and on for about the last year.

A motion for mistrial was made on the ground that this was irrelevant and prejudicial, and after denying it the court instructed the jury that "any relationship with Mr. Shields, whatever it may be, if any, has nothing to do with the case other than if it has any bearing on whether or not there was a rescission of the contract or anything that might have to do with either the contract or rescission. . . ."

The contract for the sale of the airplane was not the contract on which the suit was based. The sole question was whether or not the noteholder was entitled to payment of the promissory note by Beacon Engineering Company, Inc., the maker. The personal relationship of the maker's owner/secretary-treasurer to a third party, introduced to show the company's real motivation for refusing to pay the note, was totally irrelevant. If the company's true motivation was that it had no use for the airplane for which the unconditional note was consideration, because it had free use of another airplane, it would make the company no more obligated to pay the note than it otherwise already was.

However, even only assuming for the sake of argument that the evidence was inadmissible, appellant is not entitled to reversal and a new trial. Defendant's sole defense was the immaterial contention that the note was based on an implied condition, which we have held in Division 1 is not a legal defense. Thus the evidence, which anticipatorily was elicited to counter the position that the airplane purchase depended on the president's continuing in life and the business' expanding, was harmless. Had it been excluded, the jury would have been compelled to reach the same result.

DECIDED FEBRUARY 10, 1988 —
REHEARING DENIED FEBRUARY 25, 1988 — 

*E. Wycliffe Orr*, for appellant.
*Brenda T. Weaver, Troy R. Millikan*, for appellee.