A89A2185. COFFEE et al. v. SILVER.
(393 SE2d 58)

COOPER, Judge.

Appellee performed dental surgery on appellant Jane Coffee ("Mrs. Coffee") and brought suit against Mrs. Coffee to recover $1,550 for dental services rendered. Mrs. Coffee defended and counterclaimed alleging negligence, breach of contract, dental malpractice, and assault and battery. Appellant Don Coffee ("Mr. Coffee") inter-

vened seeking damages for loss of consortium. The case was tried before a jury and at the close of the evidence, the court denied appellants' motion for directed verdict as to liability and granted appellee's motion for directed verdict on the assault and battery count. The jury returned a verdict in favor of appellee for $500 and awarded to appellant no damages on the counterclaim. This appeal follows the trial court's denial of appellants' motion for judgment notwithstanding the verdict, or in the alternative, for a new trial.

1. In enumerations of error 1, 2, 4 and 7, appellants seek review of the trial court's rulings on motions for directed verdict, j.n.o.v. and new trial. In enumerations 3, 5, 6 and 9, appellants contend the court erred in the submission of certain issues to the jury. In support of these contentions, appellants filed a transcript containing only argument on the motions for directed verdict, appellee's closing argument and the charge to the jury.

" '(T)he burden is on the party alleging error to show it affirmatively by the record, and that when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. (Cits.) . . . "(W)here the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm." (Cits.)' " *In re Holly*, 188 Ga. App. 202, 203 (372 SE2d 479) (1988). In this case, review of the foregoing enumerations of error requires consideration of all the evidence and not selected excerpts from the trial transcript. The transcript submitted is an insufficient record of the proceedings below. *Lawson v. Watkins*, 188 Ga. App. 245 (1) (372 SE2d 830) (1988). See also *Welch v. Mercer*, 165 Ga. App. 776 (302 SE2d 629) (1983).

" 'Since in the absence of a transcript or other appropriate substitute, OCGA § 5-6-41 (g), an appellate court is bound to assume that the trial court's findings are supported by sufficient competent evidence, for there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction, (cit.), we are constrained to affirm the (judgment).' [Cit.]" *Brown v. Thomas*, 191 Ga. App. 679 (1) (382 SE2d 656) (1989).

2. Appellants contend in their eighth enumerated error, that the trial court erred in failing to caution counsel for appellee as to personal references made concerning appellants' counsel. Since no such objection was raised at trial, the issue will not be considered on appeal. *McNeil v. Cowart*, 186 Ga. App. 411 (2) (367 SE2d 291) (1988).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MARCH 15, 1990 —
REHEARING DENIED MARCH 29, 1990 —

*Chamberlain, Hrdlicka, White & Johnson, Richard N. Hubert,* for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Robin Frazer,* for appellee.