## A91A1206. MULLINS v. COLUMBIA COUNTY.
(413 SE2d 489)

COOPER, Judge.

Appellant appeals from the trial court's grant of summary judgment to appellee.

In 1972, Dr. D. Frank Mullins granted an easement to appellee over a portion of his property for the construction of a sanitary sewer line. Appellee contracted with Wheatley Grading Contractors, Inc. ("Wheatley") to construct the sewer line. Dr. Mullins died in 1973 and appellant was appointed executor of his estate and trustee under his will. In March 1974, prior to completion of the sewer line, Dr. Mullins' widow wrote a letter to the Chairman of the Board of Commissioners of Columbia County in which she listed specific problems with the work done on the property and requested help to restore the property to its original condition. The sewer line was completed in April 1974, and there is no evidence of any further communication from Dr. Mullins' widow or appellant until November 1984, when appellant filed suit against the Chairman of the Board of Commissioners of Columbia County and Wheatley. Wheatley's motion for summary judgment was granted in December 1986, and appellant voluntarily dismissed the complaint against the chairman. The grant of summary judgment to Wheatley was affirmed by this court in *Mullins v. Wheatley Grading Contractors*, 184 Ga. App. 119 (361 SE2d 10) (1987). Appellant then brought this action against the county in March 1987 alleging a lack of consideration for the easement agreement, breach of the duties as set forth in the easement agreement, failure to maintain the easement area and to perform certain work agreed to and creation of a nuisance. Appellant further alleged that the county's actions with respect to the construction of the sewer line resulted in serious erosion of the appellant's property, causing the pond located on the property to fill with silt and the stream flowing through the property to change its course. Appellant contended that the condition on the property is a continuous one, that access to the property was made difficult and that an eyesore was created. The order of the trial court states that two hearings were held on appellee's motion for summary judgment, and the trial court issued detailed findings of fact and conclusions of law after considering the evidence presented at the hearings and the record. The hearings were not transcribed nor did appellant submit a transcript from recollection pursuant to OCGA § 5-6-41 (g). Except for the pleadings filed and certain other documents, our record only contains selected and scanty ex-

cerpts from certain depositions taken in the case.

The trial court found that the creek and pond located on the Mullinses' property are part of a very large drainage basin. A prior owner constructed a road across the creek which acted as a dam on the creek except for pipes which were installed to allow the water to flow under the road. Dr. Mullins rebuilt the road and installed two new pipes to allow the creek to flow under the road. The pipes fell into disrepair and became clogged with accumulated mud, thus sealing the dam and forcing the creek to create a new creek bed. The court concluded that the pipes became clogged because the owner of the property after Dr. Mullins' death failed to maintain the pipes. Thus, the court held that any siltation of the pond from the new creek bed was caused by the owner's failure to maintain the pipes, not by any action of the county. The court noted that appellant contended that the creek and pond also became filled with silt as a result of the construction of the sewer line on a hill southeast of the pond and that appellant's witnesses placed the silt and erosion as coming from this hill. The court found that the construction plans and location of the manholes clearly established that the county's sewer line is not on that hill but is in the creek bottom parallel to the creek bed. Stated the court: "The evidence established that there is a drainage ditch on said hill which runs from a railroad line. That ditch, at some time in the past, washed to bedrock. The evidence established that if the siltation came from the area contended by [appellant], said silt would not have come from property owned, controlled, or operated by Columbia County." Thus, the court determined that the evidence failed to establish any negligence or breach of contract of the county which caused the alleged damage to appellant's pond. As to the nuisance claim, the court found that the appellant's evidence established that the majority of the siltation occurred in the late 1970s and that "the testimony did not articulate any indication of any continuing siltation other than naturally occurring siltation in a drainage basin." Since appellant did not show any continuing damage to the pond caused by any act or omission of the county, there was no question to submit to a jury. In addition to the decision on the merits, the court also concluded that appellant had not complied with OCGA § 36-11-1 which requires notice of any claim against a county to be presented to the county within 12 months after the claim accrues or becomes payable.

Appellant raises five enumerations of error, contending that the trial court erred in failing to consider the evidence that the county did not maintain the easement, in concluding that appellant's pond incurred siltation as a result of the owner's negligence, in concluding that there was no evidence of a continuing nuisance, in finding that the widow was not the owner of the property in 1974 and in barring

the action pursuant to the county notice requirement. " ' "(T)he burden is on the party alleging error to show it affirmatively by the record, and . . . when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. . . . '(W)here the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm.' (Cits.)" ' [Cit.]" *Coffee v. Silver*, 195 Ga. App. 247, 248 (1) (393 SE2d 58) (1990). Review of the first four of appellant's enumerations requires consideration of all the evidence submitted in the trial court in connection with appellant's claim and not just selected excerpts from certain depositions. Id. Since we have no indication of the testimony that precedes or follows the deposition excerpts submitted to this court and since no transcript of the hearing was provided, our record is incomplete, and we are " ' "bound to assume that the trial court's findings are supported by sufficient competent evidence, for there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction. . . ." (Cit.)' [Cit.]" Id. Since the deposition excerpts submitted do not contradict the trial court's decision, we accept the trial court's factual findings, and similarly conclude that there is no genuine issue of material fact regarding breach of contract, negligence or nuisance on the part of the county causing the damage alleged by appellant. See OCGA § 9-11-56. Because of this conclusion, we shall not reach appellant's fifth enumeration, which challenges the trial court's ruling on OCGA § 36-11-1, because even if we were to determine that appellant's claim was not barred by any applicable statute of limitation or notice requirement, we would then nevertheless affirm the trial court's order on the merits of appellant's action.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 15, 1991 —
RECONSIDERATION DENIED DECEMBER 3, 1991 —

*Allen W. Johnson*, for appellant.
*Powell & Chapin, Richard L. Powell*, for appellee.