A93A0892. BROWN v. PIGGLY WIGGLY SOUTHERN, INC.
(436 SE2d 513)

JOHNSON, Judge.
Carolyn Brown brought an action against Piggly Wiggly Southern, Inc. seeking damages for injuries she allegedly sustained when she slipped and fell at a Piggly Wiggly supermarket. Piggly Wiggly denied the material allegations in the complaint and filed a motion for summary judgment. The trial court granted Piggly Wiggly's motion for summary judgment and this appeal follows.

While a proprietor is liable to invitees for his failure to exercise ordinary care in keeping the premises safe, to establish a proprietor's liability for a slip and fall attributable to a foreign substance on the floor, the customer must show that the proprietor knew of the foreign substance or should have known of it had ordinary care been exercised. *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980). In this case, it is uncontroverted that the proprietor had no actual knowledge of the presence of the foreign substance upon which Brown slipped. "There are two different classes of premises liability cases which may be based on constructive knowledge. The first is that type where liability of the defendant is based on the fact that an em-

ployee of the defendant was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard. The second type of case is that based on the duty of the defendant to exercise reasonable care in inspecting and keeping the premises in safe condition. To sustain plaintiff's cause of action in the latter case it is necessary that he prove a period of time the dangerous condition has been allowed to exist. Without such proof it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard." (Citations and punctuation omitted.) *Mallory v. Piggly Wiggly Southern*, 200 Ga. App. 428, 429 (1) (408 SE2d 443) (1991). Brown contends that her fall was caused by the presence of melted butter on the floor. She asserts that the trial court erred in granting summary judgment because a genuine issue of material fact exists regarding the time necessary for butter to melt while on the floor, and therefore whether constructive knowledge of the hazard presented by the butter could be imputed to Piggly Wiggly, presumably because the butter must have been on the floor for some time to have melted.

Joanne Griffin was working behind the bakery-delicatessen counter bagging bread when Brown fell and was the first person to come to her assistance. She stated in her deposition that she noticed a place on the floor that looked "like a hunk of butter. It wasn't melted." Kenneth Williams, another store employee was stocking frozen pies at the opposite end of the aisle when Brown fell. He testified that when they were looking for the substance which might have caused the fall, he found skid marks from solid butter. Brown testified that she did not know what she had slipped on, other than it was "a greasy formula on the floor" but testified that the store manager told her when he came to her assistance that it was melted butter. It is this statement which forms the theory of Brown's case.

We are bound to construe the evidence most favorably to the party opposing the motion for summary judgment and to give the benefit of all favorable inferences and reasonable doubts which may arise from the evidence. *Ga. Farm Bureau Mut. Ins. Co. v. Allstate Ins. Co.*, 190 Ga. App. 593, 594 (379 SE2d 619) (1989). Applying this well entrenched rule, the statement made by John Clayton, acting within the scope of his authority as the store manager, which is admissible either under OCGA § 24-3-33 as an admission against interest by an employee-agent or under the res gestae exception, OCGA § 24-3-3, is sufficient to raise an issue of fact regarding the length of time the substance had remained on the floor. *Padgett v. M & M Super Market*, 195 Ga. App. 799, 800 (395 SE2d 245) (1990).

This court recognizes recent developments in food science which have made it possible to market butter and butter substitutes in various forms. In light of the existence of squeeze butter which is always

liquid, soft butter and whipped butter, which are somewhere between liquid and solid, the inquiry at trial regarding how long the substance upon which Brown slipped had been on the floor, may be no more than speculation. Nonetheless, Brown has established a question of fact which may be material to the case and the trial court erred in granting summary judgment to Piggly Wiggly. See *Mitchell v. Rainey*, 187 Ga. App. 510 (370 SE2d 673) (1988).

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 23, 1993 —
RECONSIDERATION DENIED OCTOBER 6, 1993 

*Sell & Melton, Mitchel P. House, Jr., Robert D. McCullers*, for appellant.

*Jones, Cork & Miller, Timothy Harden III, Carr G. Dodson*, for appellee.