A94A0699. COLEVINS v. FEDERATED DEPARTMENT STORES, INC.
(443 SE2d 871)

BIRDSONG, Presiding Judge.

Ann Colevins brought suit against appellee Federated Department Stores, Inc. (Rich's) after slipping and falling on a leaf allegedly in a puddle of water on the store floor. The trial court granted defendant's motion for summary judgment. On the day of her alleged injury, appellant was employed by Cardeaux Cosmetics to work at Rich's. On the date of the incident, appellant was walking around Rich's soliciting customers to participate in a cosmetic makeover; ad-

---

ditionally, she was doing some shopping for herself. *Held:*

1. To state a cause of action where plaintiff alleges that due to an act of negligence by defendant she slipped and fell on a foreign substance on defendant's floor, plaintiff must show: (a) defendant had actual or constructive knowledge of the foreign substance and (b) plaintiff was without knowledge of the substance or for some reason attributable to defendant was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327). Further, " 'an invitee must exercise ordinary care for her own safety, and must by the same degree of care avoid the effect of the owner's negligence after it becomes apparent to her or in the exercise of ordinary care she should have learned of it.' " (Emphasis omitted.) *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291 (2) (435 SE2d 764). *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) expresses the appropriate summary judgment standard where movant is defendant.

2. We find that a genuine issue of material fact does not, under the posture of this record, exist as to appellee's actual knowledge of the foreign substance. By way of deposition in this proceeding (hereinafter "trial deposition"), appellant testified that immediately after her fall a group manager/employee of the store informed her that he was aware of the existence of the water and leaf at the time she fell. The group manager has denied by way of affidavit either having any knowledge of the existence of water and the leaf prior to appellant's fall or having made the statement attributed to him by appellant. The testimony of appellant generally would constitute admissible evidence regarding the group manager's knowledge of the foreign substance, within the meaning of OCGA § 9-11-56 (e), either as an admission against interest by an employee-agent (OCGA § 24-3-33) or as a res gestae exception (OCGA § 24-3-3). Compare *Brown v. Piggly Wiggly &c.*, 210 Ga. App. 459, 460 (436 SE2d 513); see generally *Lau's Corp.*, supra. However, the record further reveals that, in a deposition taken as to appellant's workers' compensation claim, she unequivocally testified when asked whether anyone saw her fall that "there [were] two customers at Rich's that saw me"; when asked if any store employees saw her fall, appellant testified "one lady heard the fall." To the extent appellant's trial deposition testimony contradicted her workers' compensation deposition testimony and when offered without reasonable explanation of such contradiction, there results the invocation of the rule of contradictory testimony set forth in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680). Moreover, the mere fact that the conflicting testimony arose from appellant's depositions in two separate proceedings does not preclude a *Prophecy*-type rule from being invoked; testimony is testimony. *Hudgens v. Broomberg*, 262 Ga. 271 (416 SE2d 287). Construing ap-

pellant's unexplained contradictory testimony against her under *Prophecy*, we find the record does not support appellant's claim that appellee or its agent either had actual knowledge of the foreign substance or was within the immediate area and could easily have seen the substance and removed it before appellant's fall.

" 'There are two different classes of premises liability cases which may be based on constructive knowledge. The first is that type where liability of the defendant is based on the fact that an employee of the defendant was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard. The second type of case is that based on the duty of the defendant to exercise reasonable care in inspecting and keeping the premises in safe condition. To sustain plaintiff's cause of action in the latter case it is necessary that [s]he prove a period of time the dangerous condition has been allowed to exist. Without such proof it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect *and* remove the hazard.' " (Emphasis supplied.) *Brown*, supra at 459-460. The record reveals by way of deposition that appellant admitted she had no knowledge how long the alleged water or the leaf had been on the floor prior to her fall. Any inconsistent testimony by appellant as to how long the foreign substance had been on the floor and not reasonably explained also would invoke the rule of *Prophecy*, supra.

After invoking *Prophecy* as to the various inconsistencies in appellant's testimony given in her two depositions, we find no viable evidence which would create a genuine issue of material fact either as to the existence of actual or constructive knowledge on the part of appellee. Appellant's claim that a genuine issue of material fact as to appellee's knowledge is established by appellee's response to appellant's Interrogatory No. 11. Appellant attached a copy of her first Interrogatories, containing Interrogatory No. 11, to her appellate brief; this document is not contained in the official record before us on appeal. Facts asserted in appellate briefs unsupported by the record will not be considered on appeal (*Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223)); a brief or a documentary attachment thereto cannot be used as a procedural vehicle for adding evidence to the record. *Cotton States Mut. Ins. Co. v. Bogan*, 194 Ga. App. 824, 826 (392 SE2d 33). Without the first interrogatories of appellant/ plaintiff being in the record, we must, as to this issue, affirm the trial court. *Nodvin v. West*, 197 Ga. App. 92, 97 (3c) (397 SE2d 581). Applying the standard of *Lau's Corp.*, supra, as to the remaining viable evidence of record, where the favorable portion of a party's self-contradictory testimony is the only evidence giving rise to genuine issues of material fact, the movant/defendant is entitled to a grant of summary judgment. Cf. *Kroger Co. v. Barentine*, 210 Ga. App. 795 (437

SE2d 629), citing *Prophecy,* supra.

3. Additionally, when asked why she did not see the foreign substance on the floor, appellant by way of deposition testified: *"I wasn't looking down on the floor to see.* I was looking straight so I wouldn't bump into anybody." (Emphasis supplied.) When asked if she had looked down at the floor could she have seen the alleged puddle of water, appellant testified that she did not know. Thereafter, appellant speculated that she could not have seen the foreign substance because the leaf was almost the same color as the floor and the water was clear. But, she later admitted that "nothing was in the way," which would have obscured her view of the floor area where she fell. "Appellant admitted that she was not looking at the floor ahead; she was looking [straight so she would not bump into people]. She did not exercise ordinary care for her own safety. . . . Whatever appellee's knowledge of the peril, there is no genuine issue that the cause of appellant's fall was her own failure to exercise ordinary care." *Minor v. Super Discount Markets,* 211 Ga. App. 123, 124-125 (438 SE2d 384); compare *Souder,* supra.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

### DECIDED APRIL 19, 1994.

*Freeman & Hawkins, Edward M. Newsom, Kevin J. Bahr,* for appellant.

*Carter & Ansley, Robert A. Barnaby II, Thomas E. Magill, Keith L. Lindsay,* for appellee.