A95A0374. WATSON v. WATSON.

(457 SE2d 217)

BEASLEY, Chief Judge.

This is the second appearance of this family before us. See *In the Interest of W. W. W.*, 213 Ga. App. 732, 733 (1) (445 SE2d 832) (1994).

The parties in this current case, which involves a girl now age twelve and a boy now age thirteen, are the divorced parents of three minor children. The mother was awarded custody of the children in the parties' 1985 divorce decree. In 1987, the father filed a custody modification action in superior court. The matter was referred to juvenile court, which continued custody of all three children in the mother. In November 1988, the superior court entered a final order adopting the juvenile court's decision.

After the father sought and was awarded modification of child support in superior court, the father instituted a deprivation proceeding in juvenile court in February 1992, concerning one of the children; the mother cross-petitioned, alleging that all three children (who were in her custody), were deprived. Extensive investigation was undertaken by the court, including psychological evaluation and supervision by a specially appointed guardian ad litem, and lengthy adjudicatory and dispositional proceedings were held. The juvenile court awarded the father custody of the two subject older children by temporary order in March 1993 and by permanent order in August. The

children were physically transferred to him. However, the juvenile court lacked subject matter jurisdiction because the action was in essence a custody dispute between parents. As such, it must first be filed in superior court and then, if the court's wisdom so dictates, it may be transferred to the juvenile court pursuant to OCGA § 15-11-5 (c). The juvenile court, on the other hand, has exclusive jurisdiction over deprivation proceedings. OCGA § 15-11-5 (a) (1) (C). See *Lewis v. Winzenreid*, 263 Ga. 459 (435 SE2d 602) (1993). This court vacated the juvenile court's decision on the jurisdictional ground in an unpublished opinion in April 1994.

The father immediately filed the present modification action in superior court, seeking temporary and permanent custody of the two older children based on change of condition. Following a hearing the next week, requested by the father for an emergency temporary custody order, the court made the juvenile court's custody award in the deprivation proceeding its temporary custody order, leaving the two children with the father. Later, on May 13, after the parties briefed the issue, it exercised discretion and transferred the custody modification action to juvenile court for hearing and determination of all issues. The court also continued custody in the father, with visitation in the mother until further order of the juvenile court.

Six weeks later, on June 30, this court vacated its order vacating the decision of the juvenile court in the mischaracterized proceeding. The court substituted a published opinion in which it continued to hold that the juvenile court did not have subject matter jurisdiction. *In the Interest of W. W. W.*, supra. In dicta, the court wrote that even if it had jurisdiction, the award was without evidence and constituted an abuse of discretion. Id. at 735 (3).

1. In reliance thereon, the mother moved the superior court to modify or vacate its April order awarding the father temporary custody of the two older children in accordance with the terms of the juvenile court decision, which the superior court refused to do on the ground the case had been transferred to juvenile court. We granted the mother's application for discretionary appeal. Although the father states in his brief that the boy is now in the custody of the mother by agreement, that is not a matter of record and we cannot consider the issue moot as to him. See *Colevins v. Federated Department Stores*, 213 Ga. App. 49, 51 (2) (443 SE2d 871) (1994).

The mother contends that the superior court abused its discretion in August in refusing to modify or vacate its May order awarding temporary child custody to the father, because it was based on the juvenile court order which was itself reversed for lack of jurisdiction. At the time the mother moved the superior court to modify or vacate its order, the superior court had properly transferred this custody modification action to juvenile court. The superior court committed

no error in declining to modify or vacate its temporary custody order on the ground that jurisdiction of this case is now in juvenile court.

2. The issue raised in the mother's second enumeration is moot.

The question of custody has now been pending for too long, no doubt resulting in harm to these two vulnerable children by its very inconclusiveness while their rightful custody remains a matter of suspense. It is *their* best interests which are at stake, not that of their parents. The juvenile court, to which a copy of this opinion shall be sent, should conclude the matter as expeditiously as practicable.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 3, 1995.

*John W. Greer III,* for appellant.

*Rubin, Winter, Rapoport & Hall, Joseph M. Winter,* for appellee.