A00A0248. RIGHT TOUCH OF CLASS, INC. v. SUPERIOR BANK, FSB.
(536 SE2d 181)

ANDREWS, Presiding Judge.

Right Touch of Class, Inc., a used car dealer, sold a car and retained the car's certificate of title after the check it received from the purchaser, Specialty Car Sense, Inc. (also a used car dealer), was dishonored. Specialty then sold the car to Chinedum I. Ironkwe and received payment from Superior Bank, FSB, which financed the sale and acquired a lien on the car title. Exercising its rights as lienholder, Superior Bank sued Right Touch seeking an order directing Right Touch to transfer the title to Ironkwe. Right Touch counterclaimed against Superior Bank demanding full payment for the car from the bank for transfer of the title or the return of the car.

Right Touch appeals from the trial court's order granting summary judgment in favor of Superior Bank on the bank's claim and on Right Touch's counterclaim and directing Right Touch to transfer the title and surrender it to Superior Bank.

The following facts control the decision in this case. Right Touch attempted to sell the car to Ironkwe but was unable to do so because it could not arrange for financing. Subsequently, Right Touch entered into an arrangement whereby it took a $5,000 down payment on the car from Ironkwe, sold the car to Specialty, and Specialty, which arranged financing for Ironkwe from Superior Bank, sold the car to Ironkwe on the same day. To accomplish this, Right Touch executed documents selling the car to Specialty for $23,495, including a "Motor Vehicle Dealer Title Reassignment Supplement" form supplied by the State of Georgia Motor Vehicle Division, which acknowledged that Right Touch had transferred the car and assigned the certificate of title to Specialty on April 27, 1997. Specialty issued a check to Right

Touch dated April 27, 1997, in the amount of $23,495. On the same day, Specialty sold the car to Ironkwe for $29,495 (noting that $5,000 of the sale price had been paid as a down payment), and Superior Bank financed the sale by issuing a check to Specialty for the sale price and acquired a lien on the car. Ironkwe took possession of the car from Specialty at the time of the sale. When Right Touch deposited the check from Specialty over a week after the sale, it was dishonored, and Right Touch refused to transfer the certificate of title.

1. These facts show that Right Touch completed the sale of the car to Specialty and delivered the car to Specialty on April 27, 1997, for the express purpose of empowering Specialty to sell the car to Ironkwe on the same day with financing provided by Superior Bank. In fact, by executing the Motor Vehicle Dealer Title Reassignment Supplement form as part of the sale documents, Right Touch acknowledged that it had sold its ownership interest in the car to Specialty and that it was required to immediately transfer the certificate of title. Nothing in the documents evidencing the sale of the car by Right Touch to Specialty or by Specialty to Ironkwe supports Right Touch's assertion that receiving payment on Specialty's check was a condition precedent to transfer of title. To the contrary, the facts show that Right Touch sold the car to Specialty for the purpose of authorizing Specialty to immediately sell the car to Ironkwe. Under these facts, Right Touch's claim for the dishonored check is against Specialty.

> Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place. . . .

OCGA § 11-2-401 (2). Since there was no explicit agreement to the contrary, the facts show that Specialty acquired title to the car and the right to sell the car to Ironkwe when the car was delivered to Specialty for this purpose. See *American &c. Ins. Co. v. Cotton States Mut. Ins. Co.*, 149 Ga. App. 280, 281 (253 SE2d 825) (1979). The fact that Specialty did not obtain the certificate of title did not deprive it of title in the car or prevent it from transferring title to Ironkwe. "[A]s between the parties[,] an ownership may change hands without the necessity of transferring a title certificate by the seller and obtaining a new one in the name of the purchaser." *Canal Ins. Co. v. Woodard*, 121 Ga. App. 356, 358-359 (173 SE2d 727) (1970); *McDowell v. Owens*, 170 Ga. App. 421 (317 SE2d 275) (1984); *Bank South, N.A. v. Zweig*, 217 Ga. App. 77 (456 SE2d 257) (1995); OCGA §§ 40-3-

32; 40-3-33. It follows that title to the car was transferred to Ironkwe and the trial court did not err by ordering Right Touch to execute a transfer of the title certificate to Ironkwe and to surrender it to Superior Bank.

2. Even if the facts supported Right Touch's contention that it did not intend to sell the car to Specialty and authorize it to sell the car to Ironkwe until Specialty's check cleared, this view of the facts supports the conclusion that Right Touch entrusted the car to Specialty pursuant to OCGA § 11-2-403 (2) with the understanding that Specialty would arrange for financing and sell the car to Ironkwe, who, as a buyer in the ordinary course of business as defined in OCGA § 11-1-201 (9), obtained all of Right Touch's interest to the car. See *Classic Cadillac, L.P. v. World Omni Leasing*, 199 Ga. App. 115, 116-117 (404 SE2d 452) (1991); *Perez-Medina v. First Team Auction*, 206 Ga. App. 719, 720-723 (426 SE2d 397) (1992). After Right Touch entrusted the car to Specialty under this view of the facts, the sale to Ironkwe transferred all of Right Touch's ownership interest and vested ownership in the car to Ironkwe, subject to Superior Bank's lien. *Classic Cadillac*, 199 Ga. App. at 117; *Perimeter Ford v. Edwards*, 197 Ga. App. 747, 748-749 (399 SE2d 520) (1990). Under these circumstances, the risk that the check from Specialty to Right Touch would be dishonored was borne by Right Touch. *Classic Cadillac*, 199 Ga. App. at 117; OCGA § 11-2-403 (1).

3. We find no error in the trial court's award of damages incurred by Superior Bank as a result of Right Touch's refusal to transfer title to the car.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 13, 2000.

*Hopkins & Taylor, Philip P. Taylor*, for appellant.
*Bridgers, Stringfellow, Bland & Peters, Henry R. Stringfellow*, for appellee.