## 60174. FIRST NATIONAL BANK OF COBB COUNTY v. NATIONAL DEALER SERVICES, INC.

BANKE, Judge.

On March 23, 1978, appellee insurance company paid Autohaus of Edens, Inc., an automobile dealership in Northbrook, Illinois, for the theft loss of a 1975 Mercedes Benz 450 SL automobile. In return, Autohaus assigned its interest in the automobile to appellee. On March 20, 1978, the appellant bank had purchased a 1975 Mercedes Benz 450 SL on consignment from Gross Automotive, Inc., of Northbrook, Illinois, and appellee learned through the FBI that the automobile to which it held title was in appellant's possession. When appellee's demands for possession were refused, it brought this trover action to recover the automobile or its value. Damages were stipulated, and the only issue at the bench trial concerned title. The trial court ruled in favor of appellee, denied appellant's motions for directed verdict and new trial, and this appeal ensued. *Held:*

1. The fact question before the trial court was whether the Mercedes Benz in appellant's possession was the same automobile stolen from Autohaus, as claimed by appellee. Appellee's case was based on the testimony of Peter W. McFarlane, a special agent of the FBI who had worked in the area of interstate auto theft cases for eight years. McFarlane testified that while investigating the theft of several Mercedes Benz automobiles from the Northbrook, Illinois, area, he traced the automobile in question to appellant through the 14-digit identification numbers which are always located in four places in a Mercedes Benz: on the radiator cowling, on the engine block, and on two plates riveted to the door jamb and window ledge. He had obtained exemplified copies of the title histories of the automobiles involved in his investigation from the Secretary of State of Illinois. When he examined the Mercedes Benz in appellant's possession, he found that the "public" numbers on the door and window had been removed and plates containing public numbers from a salvaged automobile had been substituted. The number stamped onto the radiator cowling had been partially ground off (two of the 14 digits were unrecognizable) but the engine number had not been tampered with. No two Mercedes Benz automobiles have the same numbers, and the engine number of the Mercedes Benz stolen from Autohaus was the same as the one in appellant's possession.

Appellant admitted that the Mercedes Benz in its possession bore a vehicle identification number identical to the one on appellee's title. At trial appellant produced its Georgia certificate of title which contained the same vehicle identification number as the one Agent McFarlane had found on the salvaged plates and had traced back

through the title histories to a wrecked Mercedes Benz in Northbrook, Illinois. Appellant presented nothing to dispute the appellee's evidence that the Mercedes in its possession was the one stolen. Thus, the evidence was ample to authorize the judge's finding that the legal title to the disputed automobile was in appellee.

2. Appellant strenuously argues that certain testimony of Agent McFarlane, to the effect that a transposition of the vehicle identification number and engine number on the title certificates had occurred when a previous owner applied for an Illinois title, was inadmissible as hearsay. Appellant further contends that no foundation was laid for McFarlane's testimony as an expert. However, this case was not heard by a jury, and the responses of the trial judge to appellant's objections clearly indicate that the court did not rely on those portions of the agent's testimony which may have been inadmissible. "It was within the discretion of the trial judge to determine whether the [witness'] testimony was relevant and admissible on this issue, and, under the circumstances of this case, we cannot say that [she] abused that discretion." *R. O. H. Prop. v. Westside Elec. Co.,* 151 Ga. App. 857, 858 (1) (261 SE2d 767) (1979). Compare *Murdock v. Godwin,* 154 Ga. App. 824 (1) (1980).

3. Nor was admission of a "Fahrzeug-Daten" card, the Mercedes-Benz production compliance statement, reversible error. Even if, as appellant contends, a proper foundation was not laid to establish the document as a business record, its admission was harmless in light of the other evidence presented to identify the automobile as the one stolen from Autohaus. *Atlas Supply Co. v. U. S. Fidelity &c. Co.,* 126 Ga. App. 483, 485 (3) (191 SE2d 103) (1972); *Brown v. Fulton County Family &c. Svcs.,* 136 Ga. App. 308, 310 (3) (220 SE2d 790) (1975).

4. Appellant contends that it and appellee were both innocent victims of a fraud or mistake of another and that under Code Ann. § 68-414a (d), "[t]he victim who first acquired an interest in a vehicle through any certificate of title shall have his interest protected." It is true that the date of appellant's purchase of the stolen vehicle predates the assignment from Autohaus to appellee; however, only appellee acquired the original owner's valid title to the automobile. Thus, appellant's reliance on Code Ann. § 68-414a (d) is misplaced. The rule pertinent here is that "[a] sale of stolen goods, though to a bona fide purchaser for value, does not divest the title of the person from whom they were stolen, and conveys no sort of title to the purchaser. [Cit]" *General Fire & Cas. Co. v. Kuffrey,* 115 Ga. App. 121 (1) (153 SE2d 590) (1967). The trial judge applied the appropriate law and committed no error in doing so. It follows that the court correctly denied appellant's motions for directed verdict

and for new trial.

*Judgment affirmed. McMurray, P. J. and Smith, J., concur.*

ARGUED JULY 1, 1980 — DECIDED
JULY 16, 1980.

*Rees Smith, J. Douglas Henderson,* for appellant.
*Michael A. McKenzie, John M. Bovis,* for appellee.