72916. WEINBERG/MATHESON EQUITIES, INC. v. CHARLES S. MARTIN DISTRIBUTING COMPANY, INC.
(348 SE2d 723)

BANKE, Chief Judge.

The appellee sued the appellant seeking either to reclaim possession or to recover the purchase price of certain appliances and furnishings it had sold to the previous owner of an apartment complex now owned by the appellant. We granted an interlocutory appeal from the denial of the appellant's motion for summary judgment.

The appellant purchased the apartment complex at a foreclosure sale held on November 6, 1984, pursuant to the power-of-sale provisions contained in a deed to secure debt recorded on September 27, 1983. The defaulting debtor, i.e., the prior owner, purchased the apartment complex in April of 1984, subject to the security deed, and thereafter purchased the appliances and furnishings in question from the appellee and installed them in the apartments. The appellee did not perfect a purchase money security interest in the goods pursuant to Article 9 of the Georgia Uniform Commercial Code but instead filed a materialman's lien, which was, of course, inferior to the existing security deed.

The appellee named both the prior owner and the appellant as defendants in the present action, basing its claim against the appellant on the allegation that the appellant had purchased the property at the foreclosure sale "with actual notice and knowledge of the superior right, title, or interest which [appellee] has to said goods," and contending that appellant was thus "not a buyer in the ordinary course of business nor a good faith purchaser." The appellant moved for summary judgment, contending that it was in fact a bona fide purchaser for value and supporting this contention with the affidavit of its president to the effect that the appellant had purchased the apartment complex and its contents at the foreclosure sale without actual knowledge of the appellee's alleged interest in the goods.

The appellee concedes that its materialman's lien was junior to the security deed under which the appellant acquired title and thus that it affords no basis for relief against the appellant. However, because the prior owner of the apartments, to whom the appellee had

sold the appliances and furnishings, allegedly misrepresented its solvency prior to the sale, the appellee contends that it retained enforceable reclamation rights in the property pursuant to OCGA § 11-2-702. That Code section provides, in pertinent part, as follows:

"(2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery the ten-day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.

"(3) The seller's right to reclaim under subsection (2) of this Code section is subject to the rights of a buyer in ordinary course or other good faith purchaser or lien creditor under this article (Code Section 11-2-403) . . ." *Held*:

1. As conceded by the appellee, the materialman's lien did not survive the foreclosure sale since that lien was created subsequent to the encumbrance created by the appellant's deed to secure debt. "Where the holder of the senior encumbrance on realty forecloses on the property, the purchaser, obtains title free of all inferior liens and any junior liens attach to the surplus of the proceeds. [Cits.]" *Murray v. Chulak*, 250 Ga. 765, 771 (300 SE2d 493) (1983). See also *Bowen v. Kicklighter*, 124 Ga. App. 82 (1) (183 SE2d 10) (1971).

2. With respect to whether the appellant had actual knowledge of facts which would prevent it from being considered a good-faith purchaser, the record contains nothing to refute the affidavit of the appellant's president to the effect that the appellant had no such knowledge. Thus, pretermitting whether and to what extent the appliances and furnishings became fixtures and whether the prior owner of the apartments made any written misrepresentation of solvency to the appellee at the time the goods were sold, we must conclude that whatever reclamation rights the appellee might have had in the property were cut off by the foreclosure sale, pursuant to the clear and unequivocal language of OCGA § 11-2-702 (3), supra. Accord *B & P Lumber Co. v. First Nat. Bank of Atlanta*, 147 Ga. App. 762 (250 SE2d 505) (1978).

The appellee's reliance on this court's decision in *Central Bank of Ala. v. American Charms*, 149 Ga. App. 218 (253 SE2d 857) (1979), as authority for a contrary result is misplaced. There, the secured party was a bank which, 18 days after one of its depositors had acquired merchandise from a supplier, dishonored its depositor's check for the purchase price and then proceeded to assert superior title to the merchandise pursuant to a security interest which it held in the depositor's inventory. In the present case, there is no suggestion that

the appellant, as the secured party, had any involvement whatever in the original sale of the merchandise, nor was the appellant shown to have done anything to prevent the appellee, as seller, from enforcing its alleged reclamation rights prior to the foreclosure sale.

The appellee in this case could easily have protected itself against losing its alleged reclamation rights in the property to a purchaser in good faith by the simple expedient of perfecting a purchase money security interest in the goods pursuant either to OCGA § 11-9-313 (if the goods were to become fixtures) or OCGA § 11-9-302 (if they were not). Because it failed to do so, and because there is nothing in the record to negate the appellant's showing that it purchased the property in good faith and without actual knowledge of the appellee's alleged interest, we must conclude that the trial court erred in denying the appellant's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 2, 1986.

*H. Andrew Owen, Jr., Perry A. Phillips*, for appellant.
*Karl M. Terrell, Donald J. Goodman*, for appellee.