A90A0625. CHARLES EVANS BMW, INC. v. WILLIAMS.
(395 SE2d 650)

CARLEY, Chief Judge.

The relevant facts in this trover action are as follows: Appellee-

defendant agreed to sell his car to an individual named Hodge and he accepted a cashier's check from Hodge as payment. With no indication on the certificate of title that Hodge was the purchaser, appellee signed the title in his capacity as seller and then delivered that document and the car to Hodge. The next day, Hodge, representing himself to be appellee, offered to sell the automobile to appellant-plaintiff. When a price was agreed upon, Hodge presented to appellant the certificate of title bearing appellee's signature as seller and appellant gave Hodge a check which named appellee as the payee. The check was cashed at a local bank when Hodge produced as identification a Kentucky driver's license bearing the same number of the Kentucky driver's license that had been issued to appellee. After the car had been purchased by appellant from Hodge, appellee was notified that the cashier's check he had accepted from Hodge was a forgery. By the time that appellant was made aware of the fact that it had not actually purchased the car from appellee but from Hodge representing himself to be appellee, it had already resold the car. At the direction of the local police authorities, however, the car and the certificate of title were returned to appellant and the purchase price was refunded by appellant. Thereafter, appellant was further required to return the car to appellee. However, appellant retained the certificate of title and initiated this trover action against appellee.

On these facts, cross-motions for summary judgment were filed. The trial court denied appellant's motion for summary judgment and granted summary judgment in favor of appellee. It is from that order that appellant brings this appeal.

1. We note at the outset that cases decided under the provisions of former Ga. Code Ann. § 96-101 et seq. are inapplicable to our consideration of this appeal. Those provisions were repealed in 1964 and, consequently, cases which were decided thereunder are not viable authority in the instant case. It is the provisions of OCGA § 11-2-101 et seq. that are controlling here.

OCGA § 11-2-403 (1) provides, in relevant part, that "[a] purchaser of goods acquires all title which his transferor had or had power to transfer. . . . A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been *delivered under a transaction of purchase* the purchaser has such power even though: (a) The transferor was deceived as to the identity of the purchaser; or (b) The delivery was in exchange for a check which is later dishonored; or . . . (d) The delivery was procured through fraud punishable as larcenous under the criminal law." (Emphasis supplied.) Appellee was not deprived of his car by a physical taking of which he was unaware. Compare *First Nat. Bank of Cobb County v. Nat. Dealer Svcs.*, 155 Ga. App. 384 (270 SE2d 911) (1980). The undisputed evidence of record shows that appellee *delivered his*

*car under a transaction of purchase* procured by the perpetration of a criminal fraud whereby he was deceived as to the identity of the purchaser who gave him a check which was later dishonored. In these circumstances, appellee conveyed *voidable title* to Hodge and Hodge, having voidable rather than void title, had the power to transfer *good title* to a good faith purchaser for value. OCGA § 11-2-403 (1) "empowers a purchaser with a voidable title to confer good title upon a good faith purchaser for value where the good[s] were procured through fraud punishable as larcenous under the criminal law. The distinction between *theft* and *fraud* in this context is found in the statutory definitions of 'delivery' and 'purchase.' Delivery concerns a voluntary transfer of possession, [OCGA § 11-1-201 (14)], and purchase refers to a voluntary transaction creating an interest in property. [OCGA § 11-1-201 (32)]. In the present case, [appellee] voluntarily relinquished possession to [Hodge]. As one commentator has pointed out, '[a] thief who wrongfully takes goods is not a purchaser . . . but a swindler who fraudulently induces the victim to voluntarily deliver them is a purchaser. . . .' [Cit.]" (Emphasis in original.) *Jernigan v. Ham*, 691 SW2d 553, 556 (3, 4) (Tenn. App. 1984).

2. It follows that, if appellant was a good faith purchaser for value, it acquired good title to the car from Hodge.

" 'Good faith' means honesty in fact in the conduct or transaction concerned." OCGA § 11-1-201 (19). " 'Good faith' in the case of a merchant means honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade." OCGA § 11-2-103 (1) (b). There is ample evidence of appellant's "good faith" in its transaction with Hodge. Appellant's agent who actually negotiated the purchase neither knew nor had reason to know that Hodge's representations were false. When appellant's agent noticed an error on the registration form, Hodge was told that he would have to obtain a corrected registration form from the county. When Hodge left and returned with the corrected form, this gave additional credence to his representations that he was appellee and the owner of the car. Hodge also presented a certificate of title which bore appellee's unforged signature as seller. The price that appellant agreed to pay for the car was not nominal. Appellant gave Hodge a check made out to appellee and Hodge was successful in cashing that check by using a driver's license bearing the same number of the license that had actually been issued to appellee. Thus, Hodge's scheme to impersonate appellee not only duped appellant, but was also successful against the county and the bank.

In opposition, there was no evidence to show that, in negotiating and consummating the purchase from Hodge, appellant had been less than honest or had failed to observe reasonable commercial standards of fair dealing. Therefore, on the undisputed evidence of record, ap-

pellant was, as a matter of law, a good faith purchaser for value when it bought the car from Hodge. See generally *Weinberg/Matheson Equities v. Charles S. Martin Distrib. Co.*, 180 Ga. App. 182, 183 (2) (348 SE2d 723) (1986). Compare *United Carolina Bank v. Sistrunk*, 158 Ga. App. 107, 109 (2) (279 SE2d 272) (1981).

3. Appellee urges that, even if appellant was a good faith purchaser for value when it originally bought the car from Hodge, appellant does not now occupy that status. The contention is that appellant now claims title to the car, not from Hodge, but from the individual to whom appellant eventually sold it. Since appellant had actual knowledge of Hodge's fraud at the time that it returned the purchase price and accepted the car back from its purchaser, appellee urges that appellant cannot now be considered to be a good faith purchaser for value.

The transaction whereby appellant returned the purchase price and accepted the car back from its purchaser was not a repurchase of the car by appellant. See OCGA § 11-2-401 (4). It was a rescission of appellant's sale of the car. Thus, even though appellant knew of Hodge's fraud at the time of rescission, it does not now occupy the status of a "bad faith" repurchaser from its purchaser. It reoccupies its original status as a "good faith" purchaser from Hodge.

4. Under the undisputed evidence of record, appellant acquired good title to the car when it purchased it from Hodge and it retains that good title as against appellee who conveyed voidable title to Hodge. It follows that the trial court erred in granting appellee's motion for summary judgment and in denying summary judgment in favor of appellant.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JULY 3, 1990.

*Dennis & Corry, Robert E. Corry, Jr., Andrew H. Schultz, R. Clay Porter*, for appellant.

*Webb, Fowler & Tanner, Malcolm C. McArthur, Russell T. Bryant*, for appellee.