## A91A1024. BENTON v. DUVALL LIVESTOCK MARKETING, INC. et al.
(411 SE2d 307)

CARLEY, Presiding Judge.

Appellant-plaintiff brought this tort action, alleging that a number of his dairy cows had been converted when they had been auctioned by appellee-defendants. Appellees answered and, after discovery, moved for summary judgment. The trial court granted summary judgment in favor of appellees and appellant appeals.

1. The evidence, when construed most favorably for appellant, demonstrates the following: Appellant's cows were, with his knowledge and consent, in the possession and control of one William Scott. Without appellant's knowledge or consent, however, Scott took the cows and delivered them to appellees to be auctioned. Appellees auctioned the cows and paid the sale proceeds, less a commission, over to Scott. Appellees had no knowledge of appellant's interest in the cows. On this evidence, appellant urges that a genuine issue of material fact remains as to appellees' liability for conversion of the cows.

Appellant relies upon the following principle: "[A]n auctioneer who sells property in behalf of a principal who has no title thereto . . . or who for other reason has no right to sell such property, is personally liable to the true owner . . . for conversion regardless of whether he had knowledge . . . of the principal's lack of title or want of authority to sell, in the absence of . . . an estoppel or . . . acquiescence or consent on the part of the true owner. . . ." Anno., 96 ALR2d 208, 212, § 3. There is some question whether this principle is applicable in Georgia. See *Lewis v. Jackson*, 102 Ga. App. 573 (117 SE2d 209) (1960) (holding that, in the absence of actual knowledge of the vendor-creditor's interest, an auctioneer has no liability). However, even if this principle does apply in the instant case, appellees would not be liable to appellant for Scott's conversion if appellant is otherwise estopped to recover against appellee or if appellant acquiesced in or consented to Scott's conversion.

"When one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury shall bear the loss." OCGA § 23-1-14. This principle is applicable in conversion cases. See *Dealers' Discount Corp. v. Trammell*, 98 Ga. App. 748 (106 SE2d 850) (1958). "[P]ossession of personal property is presumptive evidence of ownership. . . ." *Harris Loan Co. v. Elliott &c. Typewriter Co.*, 110 Ga. 302 (3) (34 SE 1003) (1900). Thus, by placing the cows in the possession and control of

Scott, it was appellant who afforded Scott presumptive evidence of ownership and who enabled Scott to inflict the injury. " 'Where an owner has given to another such evidence of the right of selling his goods as, according to the custom of trade or the common understanding of the world, usually accompanies the authority of disposal, or has given the external indicia of the right of disposing of his property, a sale to an innocent purchaser divests the true owner's title.' [Cit.] As has been said, this rule is merely a special application of the rule embodied in [OCGA § 23-1-14] that, 'When one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury shall bear the loss.' [Cits.]" *Cook Motor Co. of Panama City v. Richardson*, 103 Ga. App. 129, 130 (2) (118 SE2d 502) (1961). See also *Charles Evans BMW v. Williams*, 196 Ga. App. 230 (395 SE2d 650) (1990) (construing OCGA § 11-2-403 (1)); *Dealers' Discount Corp. v. Trammell*, supra. Compare *First Nat. Bank of Cobb County v. Nat. Dealer Svcs.*, 155 Ga. App. 384 (270 SE2d 911) (1980).

It follows that, in Georgia, the liability of an auctioneer for conversion does not extend to the case, such as this, wherein it is the true owner who originally enabled the auctioneer's principal to commit the underlying conversion and the auctioneer subsequently acts without knowledge of his principal's conversion. Under the undisputed evidence of record, no genuine issue of material fact remains and the trial court correctly granted summary judgment in favor of appellees.

2. Remaining enumerations of error are moot.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 13, 1991 —
RECONSIDERATION DENIED OCTOBER 8, 1991 —

*Glover & Davis, Delia T. Crouch*, for appellant.
*Martin, Snow, Grant & Napier, William H. Larsen*, for appellees.