**Eddie KOTIS, Appellant,**

v.

**NOWLIN JEWELRY, INC., Appellee.**

No. C14–91–00840–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 31, 1992.

Randy E. Moore, Lake Jackson, for appellant.

Laurence E. Boyd, Angleton, for appellee.

Before ROBERTSON, DRAUGHN and JUNELL, JJ.

## OPINION

DRAUGHN, Justice.

Eddie Kotis appeals from a judgment declaring appellee, Nowlin Jewelry, Inc., the sole owner of a Rolex watch, and awarding appellee attorney's fees. Kotis raises fourteen points of error. We affirm.

On June 11, 1990, Steve Sitton acquired a gold ladies Rolex watch, President model, with a diamond bezel from Nowlin Jewelry by forging a check belonging to his brother and misrepresenting to Nowlin that he had his brother's authorization for the purchase. The purchase price of the watch, and the amount of the forged check, was $9,438.50. The next day, Sitton telephoned Eddie Kotis, the owner of a used car dealership, and asked Kotis if he was interested in buying a Rolex watch. Kotis indicated interest and Sitton came to the car lot. Kotis purchased the watch for $3,550.00. Kotis also called Nowlin's Jewelry that same day and spoke with Cherie Nowlin.

Ms. Nowlin told Kotis that Sitton had purchased the watch the day before. Ms. Nowlin testified that Kotis would not immediately identify himself. Because she did not have the payment information available, Ms. Nowlin asked if she could call him back. Kotis then gave his name and number. Ms. Nowlin testified that she called Kotis and told him the amount of the check and that it had not yet cleared. Kotis told Ms. Nowlin that he did not have the watch and that he did not want the watch. Ms. Nowlin also testified that Kotis would not tell her how much Sitton was asking for the watch.

John Nowlin, the president of Nowlin's Jewelry, testified that, after this call from Kotis, Nowlin's bookkeeper began attempting to confirm whether the check had cleared. When they learned the check would not be honored by the bank, Nowlin called Kotis, but Kotis refused to talk to

Nowlin. Kotis referred Nowlin to his attorney. On June 25, 1990, Kotis' attorney called Nowlin and suggested that Nowlin hire an attorney and allegedly indicated that Nowlin could buy the watch back from Kotis. Nowlin refused to repurchase the watch.

After Sitton was indicted for forgery and theft, the district court ordered Nowlin's Jewelry to hold the watch until there was an adjudication of the ownership of the watch. Nowlin then filed suit seeking a declaratory judgment that Nowlin was the sole owner of the watch. Kotis filed a counterclaim for a declaration that Kotis was a good faith purchaser of the watch and was entitled to possession and title of the watch. After a bench trial, the trial court rendered judgment declaring Nowlin the sole owner of the watch. The trial court also filed Findings of Fact and Conclusions of Law.

■■ In point of error one, Kotis claims the trial court erred in concluding that Sitton did not receive the watch through a transaction of purchase with Nowlin, within the meaning of TEX.BUS. & COM.CODE ANN. § 2.403(a). Where a party challenges a trial court's conclusions of law, we may sustain the judgment on any legal theory supported by the evidence. *Simpson v. Simpson*, 727 S.W.2d 662, 664 (Tex.App.— Dallas 1987, no writ). Incorrect conclusions of law will not require reversal if the controlling findings of facts will support a correct legal theory. *Valencia v. Garza*, 765 S.W.2d 893, 898 (Tex.App.—San Antonio 1989, no writ).

Kotis contends there is evidence that the watch is a "good" under the UCC, there was a voluntary transfer of the watch, and there was physical delivery of the watch. Thus, Kotis maintains that the transaction between Sitton and Nowlin was a transaction of purchase such that Sitton acquired the ability to transfer good title to a good faith purchaser under § 2.403.

Section 2.403 provides:

A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though

(1) the transferor was deceived as to the identity of the purchaser, or

(2) the delivery was in exchange for a check which is later dishonored, or

(3) it was agreed that the transaction was to be a "cash sale", or

(4) the delivery was procured through fraud punishable as larcenous under the criminal law.

TEX.BUS. & COM.CODE ANN. § 2.403(a) (Vernon 1968).

Neither the code nor case law defines the phrase "transaction of purchase." "Purchase" is defined by the code as a "taking by sale, discount, negotiation, mortgage, pledge, lien, issue or reissue, gift or any other voluntary transaction creating an interest in property." TEX.BUS. & COM.CODE ANN. § 1.201(32) (Vernon 1968). Thus, only voluntary transactions can constitute transactions of purchase.

Having found no Texas case law concerning what constitutes a transaction of purchase under § 2.403(a), we have looked to case law from other states. Based on the code definition of a purchase as a voluntary transaction, these cases reason that a thief who wrongfully takes the goods against the will of the owner is not a purchaser. *See Suburban Motors, Inc. v. State Farm Mut. Automobile Ins. Co.*, 218 Cal.App.3d 1354, 268 Cal.Rptr. 16, 18 (1990); *Charles Evans BMW, Inc. v. Williams*, 196 Ga. App. 230, 395 S.E.2d 650, 651–52 (1990); *Inmi–Etti v. Aluisi*, 63 Md.App. 293, 492 A.2d 917, 922 (1985). On the other hand, a swindler who fraudulently induces the victim to deliver the goods voluntarily is a purchaser under the code. *Inmi–Etti*, 492 A.2d at 922; *Williams*, 395 S.E.2d at 652.

■■ In this case, Nowlin's Jewelry voluntarily delivered the watch to Sitton in return for payment by check that was later discovered to be forged. Sitton did not

obtain the watch against the will of the owner. Rather, Sitton fraudulently induced Nowlin's Jewelry to deliver the watch voluntarily. Thus, we agree with appellant that the trial court erred in concluding that Sitton did not receive the watch through a transaction of purchase under § 2.403(a). We sustain point of error one.

In point of error two, Kotis contends the trial court erred in concluding that, at the time Sitton sold the watch to Kotis, Sitton did not have at least voidable title to the watch. In point of error nine, Kotis challenges the trial court's conclusion that Nowlin's Jewelry had legal and equitable title at all times relevant to the lawsuit. The lack of Texas case law addressing such issues under the code again requires us to look to case law from other states to assist in our analysis.

■ In *Suburban Motors, Inc. v. State Farm Mut. Automobile Ins. Co.*, the California court noted that § 2.403 provides for the creation of voidable title where there is a voluntary transfer of goods. 268 Cal. Rptr. at 18. Section 2.403(a)(1)–(4) set forth the types of voluntary transactions that can give the purchaser voidable title. Where goods are stolen such that there is no voluntary transfer, only void title results. *Id.* at 19; *Inmi–Etti*, 492 A.2d at 921. Subsection (4) provides that a purchaser can obtain voidable title to the goods even if "delivery was procured through fraud punishable as larcenous under the criminal law." TEX.BUS. & COM.CODE ANN. § 2.403(a)(4) (Vernon 1968). This subsection applies to cases involving acts fraudulent to the seller such as where the seller delivers the goods in return for a forged check. *See Inmi–Etti*, 492 A.2d at 921. Although Sitton paid Nowlin's Jewelry with a forged check, he obtained possession of the watch through a voluntary transaction of purchase and received voidable, rather than void, title to the watch. Thus, the trial court erred in concluding that Sitton received no title to the watch and in concluding that Nowlin's retained title at all relevant times. We sustain points of error two and nine.

In point of error three, Kotis claims the trial court erred in concluding that Kotis did not give sufficient value for the watch to receive protection under § 2.403, that Kotis did not take good title to the watch as a good faith purchaser, that Kotis did not receive good title to the watch, and that Kotis is not entitled to the watch under § 2.403. In points of error four through eight, Kotis challenges the trial court's findings regarding his good faith, his honesty in fact, and his actual belief, and the reasonableness of the belief, that the watch had been received unlawfully.

■ Under § 2.403(a), a transferor with voidable title can transfer good title to a good faith purchaser. TEX.BUS. & COM.CODE ANN. § 2.403(a) (Vernon 1968). Good faith means "honesty in fact in the conduct or transaction concerned." TEX.BUS. & COM. CODE ANN. § 1.201(19) (Vernon 1968). The test for good faith is the actual belief of the party and not the reasonableness of that belief. *La Sara Grain v. First Nat'l Bank,* 673 S.W.2d 558, 563 (Tex.1984).

■ Kotis was a dealer in used cars and testified that he had bought several cars from Sitton in the past and had no reason not to trust Sitton. He also testified that on June 12, 1990, Sitton called and asked Kotis if he was interested in buying a Ladies Rolex. Once Kotis indicated his interest in the watch, Sitton came to Kotis's place of business. According to Kotis, Sitton said that he had received $18,000.00 upon the sale of his house and that he had used this to purchase the watch for his girlfriend several months before. Kotis paid $3,550.00 for the watch. Kotis further testified that he then spoke to a friend, Gary Neal Martin, who also knew Sitton. Martin sagely advised Kotis to contact Nowlin's to check whether Sitton had financed the watch. Kotis testified that he called Nowlin's after buying the watch.

Cherie Nowlin testified that she received a phone call from Kotis on June 12, 1990, although Kotis did not immediately identify himself. Kotis asked if Nowlin's had sold a gold President model Rolex watch with a diamond bezel about a month before. When asked, Kotis told Ms. Nowlin that

Sitton had come to Kotis' car lot and was trying to sell the watch. Ms. Nowlin testified that Kotis told her he did not want the watch because he already owned a Rolex. Ms. Nowlin told Kotis that Sitton had purchased the watch the day before. Kotis asked about the method of payment. Because Ms. Nowlin did not know, she agreed to check and call Kotis back. She called Kotis back and advised him that Sitton had paid for the watch with a check that had not yet cleared. When Ms. Nowlin asked if Kotis had the watch, Kotis said no and would not tell her how much Sitton was asking for the watch. Ms. Nowlin did advise Kotis of the amount of the check.

After these calls, the owner of Nowlin's asked his bookkeeper to call the bank regarding Sitton's check. They learned on June 15, 1990 that the check would be dishonored. John Nowlin called Kotis the next day and advised him about the dishonored check. Kotis refused to talk to Nowlin and told Nowlin to contact his attorney. Nowlin also testified that a reasonable amount to pay for a Ladies President Rolex watch with a diamond bezel in mint condition was $7,000.00–$8,000.00. Nowlin maintained that $3,500.00 was an exorbitantly low price for a watch like this.

The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Rego Co. v. Brannon,* 682 S.W.2d 677, 680 (Tex.App.— Houston [1st Dist.] 1984, writ ref'd n.r.e.). Kotis testified that he lied when he spoke with Cherie Nowlin and that he had already purchased the watch before he learned that Sitton's story was false. The judge, as the trier of fact, may not have believed Kotis when he said that he had already purchased the watch. If the judge disbelieved this part of Kotis' testimony, other facts tend to show that Kotis did not believe the transaction was lawful. For example, when Kotis spoke with Nowlin's, he initially refused to identify himself, he said that he did not have the watch and that he did not want the watch, he refused to divulge Sitton's asking price, and he later refused

to talk with Nowlin and advised Nowlin to contact Kotis' attorney. Thus, there is evidence supporting the trial court's finding that Kotis did not act in good faith.

There are sufficient facts to uphold the trial court's findings even if the judge had accepted as true Kotis' testimony that, despite his statements to Nowlin's, he had already purchased the watch when he called Nowlin's. The testimony indicated that Kotis was familiar with the price of Rolex watches and that $3,550.00 was an extremely low price for a mint condition watch of this type. An unreasonably low price is evidence the buyer knows the goods are stolen. *See Willis v. State,* 724 S.W.2d 87, 89 (Tex.App.—Dallas 1986), *aff'd in part, rev'd in part on other grounds,* 790 S.W.2d 307 (Tex.Crim.App. 1990); *Fillmore v. State,* 647 S.W.2d 300, 304 (Tex.App.—Corpus Christi 1982, no pet.). *See also Bowers v. State,* 414 S.W.2d 929, 930–31 (Tex.Crim.App.1967). Although the test is what Kotis actually believed, we agree with appellee that we need not let this standard sanction willful disregard of suspicious facts that would lead a reasonable person to believe the transaction was unlawful. *Cf. Citizen's Bridge Co. v. Guerra,* 152 Tex. 361, 258 S.W.2d 64, 69–70 (1953).[1] Thus, we find sufficient evidence to uphold the trial court's findings regarding Kotis' lack of status as a good faith purchaser. We overrule points of error three through eight.

In point of error ten, Kotis contends the trial court erred in concluding that Kotis converted the watch by refusing to return it to Nowlin's and by refusing to allow its return to Nowlin's. In point of error eleven, Kotis claims the trial court erred in concluding that Nowlin's is entitled to a constructive trust over the watch. Kotis' argument under these points depends upon our finding that he was a good faith purchaser. Because we have upheld the trial court's finding that Kotis was not a good faith purchaser, we need not address these points.

---

1. The *Citizens Bridge Co.* discussion of bad faith was later held to be consistent with the UCC test for good faith under § 1.201(19). *See Wilson v. O'Connor,* 555 S.W.2d 776, 780 (Tex.Civ.App.— Dallas 1977, writ dism'd).

In point of error twelve, Kotis challenges the trial court's conclusion that Nowlin's was entitled to possession of the watch and that Kotis is not entitled to possession or title to the watch. Having upheld the trial court's finding that Kotis was not a good faith purchaser, we must also uphold the trial court's finding that Nowlin's, and not Kotis, is entitled to possession and title to the watch. We overrule point twelve.

In point of error thirteen, Kotis challenges the trial court's conclusion that Nowlin's is entitled to recover attorney's fees and post-judgment interest against Kotis. Under the Declaratory Judgment Act, a court may "award costs and reasonable and necessary attorney's fees as are equitable and just." TEX.CIV.PRAC. & REM. CODE ANN. § 37.009 (Vernon 1986). The trial court found that $5,883.57 was a reasonable fee for Nowlin's attorney and there was evidence supporting this amount. We overrule point of error thirteen.

In Kotis' final point of error, he claims the trial court erred in denying his counterclaims for damages for conversion and for attorney's fees and costs. Having upheld the trial court's conclusions that Kotis was not a good faith purchaser and was not entitled to possession and title to the watch, we need not address this point.

We affirm the trial court's judgment.

JUNELL, J., not participating.