The trial court entered summary judgments in favor of the defendants, Auto Dealer's Exchange of Birmingham ("Auto Exchange") and Express Drive Away ("Express"). The plaintiffs, Hodges Wholesale Cars and Cleveland Auto Sales ("Cleveland"), appeal.
The record reveals the following: Doyle Alexander, a Georgia resident, owned a 1986 Mercury Grand Marquis automobile. He sold that car to an individual whose identity is not disclosed in the record (that individual is hereinafter referred to as "the initial buyer"). Alexander endorsed the back of the certificate of title to the car in blank and gave it to the initial buyer. In return, the initial buyer gave Alexander a check.
After he purchased the car from Alexander, the initial buyer resold the car to Express. However, the initial buyer did not reveal his true identity to Express, but held himself out to be Doyle Alexander. (This was possible because Alexander had signed the certificate of title to the car in blank.) Express issued a check payable to "Doyle Alexander" and received the certificate of title to the car.
Express then resold the car to Cleveland through an auction conducted by Auto Exchange. Cleveland resold the car to M T Motors through Big H Auto Auction in Houston, Texas. The car was ultimately sold to Rosa DeLara.
Some time after Doyle Alexander sold the car to the initial buyer, the check given Alexander by the initial buyer to purchase the car was returned because of insufficient funds. Alexander told Georgia law enforcement authorities that the car had been stolen. The *Page 610 
car was located in Texas by Texas authorities and was taken from Ms. DeLara.[1]
M T Motors voluntarily refunded the purchase price of the car to Ms. DeLara, and Cleveland voluntarily reimbursed M T Motors. Cleveland then brought the present action against Express and Auto Exchange, alleging breach of contract, fraud, and breach of warranty of good title. As noted above, the trial court entered summary judgments for Express and Auto Exchange.
A motion for a summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Southern Guar. Ins. Co. v. FirstAlabama Bank, 540 So.2d 732 (Ala. 1989). The burden is, therefore, upon the moving party to clearly show that there is no material fact in dispute, and all reasonable inferences from the evidence are to be viewed most favorably to the nonmovant.Southern Guar., supra.
Rule 56 is read in conjunction with the "substantial evidence rule," Ala. Code 1975, § 12-21-12, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
Cleveland's basis of this action is founded upon the assumption that when Cleveland purchased the car from Express at the auction conducted by Auto Exchange, it did not receive a good, unencumbered title to the car. In other words, Cleveland contends that it received a "void" title to the car. Based on Ala. Code 1975, § 7-2-403, we find this assumption to be false. That section reads in part as follows:
 "(1) A purchaser of goods acquires all title which his transferor had or had power to transfer. . . . A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though:
 "(a) The transferor was deceived as to the identity of the purchaser, or
 "(b) The delivery was in exchange for a check which is later dishonored, or
 "(c) It was agreed that the transaction was to be a 'cash sale,' or
 "(d) The delivery was procured through fraud punishable as larcenous under the criminal law."
(Emphasis added.)
Pre-Uniform Commercial Code law generally held that a party to a transfer could convey no better title to goods than he had. However § 7-2-403 modifies this rule and establishes that a party with only voidable title can pass good title to a third-party purchaser who acts in good faith. Ledbetter v.Darwin-Dobbs Co., 473 So.2d 197 (Ala.Civ.App. 1985). The good faith purchaser is then sheltered from attempts by the original seller to regain the goods. Ledbetter, supra.
Therefore, the initial question is whether Alexander conveyed "voidable title" to the initial buyer, within the meaning of Ala. Code 1975, § 7-2-403.
It is undisputed that the original owner of the car, Alexander, intended to sell his car to the initial buyer (who subsequently sold the car to Express). Alexander was not deprived of his car by a physical taking of which he was unaware. Rather, it is undisputed that Alexander voluntarily delivered his car to the initial buyer and gave him the certificate of title, signing it in blank. It was not until later that Alexander discovered that the initial buyer had given him a check drawn on an account with insufficient funds.
Although the delivery of the car may have been procured through fraud, it was not a theft. "A thief who wrongfully takes goods is not a purchaser . . . but a swindler who fraudulently induces the victim to voluntarily deliver them is a purchaser. . . ." Jernigan *Page 611 v. Ham, 691 S.W.2d 553, 556 (Tenn.App. 1984). Therefore, there was a "transaction of purchase" within the meaning of §7-2-403, and the buyer had "voidable" title to the car.Ledbetter, supra; see also American Std. Credit, Inc. v.National Cement Co., 643 F.2d 248 (5th Cir. 1981) (the party who delivered the goods to the subsequent seller intended, however misguidedly, that the seller would become the owner of the goods); CPI Oil Ref., Inc. v. Metro Energy Co.,557 F. Supp. 958 (N.D.Ala. 1983) (the con artist who fraudulently induced a manufacturer to deliver goods to him by means of a forged check has voidable title because he obtained delivery through a transaction of purchase). See also Charles Evans BMW,Inc. v. Williams, 196 Ga. App. 230, 395 S.E.2d 650 (1990).
Because the initial buyer had voidable title to the car, rather than void title, he had the power to transfer good title to a good faith purchaser for value. Ala. Code 1975, § 7-2-403. Ledbetter, supra. Therefore, the next question is whether Express was a "good faith purchaser for value" and received good title to the car.
" 'Good faith' in the case of a merchant means honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade." Ala. Code 1975, § 7-2-103(1)(b). It is undisputed that Express acted in good faith when it purchased the car from the initial buyer. Express did not know, and had no reason to know, that the initial buyer's representations were false. The initial buyer held himself out to be Doyle Alexander, and the certificate of title to the car showed that Alexander was the owner. The certificate of title bore Alexander's unforged signature as seller. Express gave the initial buyer a check made payable to Doyle Alexander. There was no evidence presented to show that, in negotiating and consummating the purchase of the car, Express had been less than honest or had failed to observe reasonable commercial standards of fair dealing.
Based upon the undisputed evidence, we must conclude that Express was, as a matter of law, a good faith purchaser for value when it bought the car from the imposter. Express received good title to the car, which it conveyed to Cleveland at the auction conducted by Auto Exchange. Therefore, the trial court properly entered the summary judgments against Cleveland.
In view of the above, we pretermit any discussion of Cleveland's argument that there was an express or implied contract between it and Auto Exchange. Even if there was such a contract (and we do not so hold), Cleveland received good title to the car and there could be no breach of contract.
Further, we find no error concerning venue. Whether to grant or to deny a motion to transfer a case is within the sound discretion of the trial court. Ex parte Cheriogotis,553 So.2d 558 (Ala. 1989).
The summary judgments are affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.
[1] Whether the taking of the car by Texas authorities was proper is not before us.