## A02A1253. ROHATENSKY v. WOODALL.
(572 SE2d 354)

JOHNSON, Presiding Judge.

Acting on his father's behalf, Howard Woodall's son bought a 1965 Chevrolet Corvette from vintage car dealer and restorer Connis Nichols. Several weeks later, police stopped Woodall's son as he drove the car and told him it had been reported stolen. Woodall's son showed the officer the documentation he had in his possession, but police impounded the car.

Asserting ownership rights as a bona fide purchaser of the car, Woodall filed a petition for a writ of possession. Woodall named as defendants Nichols and Douglas Rohatensky, who was the registered owner of the car. In defending the action, Rohatensky claimed he entrusted the car to Nichols so that Nichols could perform restoration and repair work on the vehicle, and that Nichols had no authority to sell the car. Rohatensky also asserted a counterclaim against Woodall, alleging that Woodall committed fraud and conversion in acquiring the car. After a trial, the jury awarded ownership of the car to Woodall.

Rohatensky appeals from the judgment entered on the jury's verdict, arguing that: (1) the trial court erred in denying his motion for judgment notwithstanding the verdict because there was no evidence that Woodall paid any money to the seller of the vehicle and was a bona fide purchaser for value; and (2) the verdict was contrary to law in that the sale of stolen goods does not divest the title of the person from whom the goods were stolen. We affirm the judgment of the trial court.

1. Rohatensky contends the trial court erred in denying his motion for j.n.o.v. when Woodall failed to show that he was a bona fide purchaser for value. According to Rohatensky, the checks allegedly used to pay for the vehicle were not issued by Woodall or made payable to Nichols; they were issued by Greg Wyatt Auto Sales, made payable to Woodall, and endorsed by Woodall and another person. And, he argues, the bill of sale showing Woodall paid Nichols $30,000 for the car was forged and fraudulent.

At the outset, we note that the appellate record does not include a complete transcript of the trial, only excerpts from the proceedings. Woodall states in his brief that Rohatensky requested that only a portion of the trial be transcribed. According to Woodall, at least two parts of the trial were not transcribed: the presentation of Rohatensky's counterclaim against him, and the court's instructions to the jury. In his brief, Rohatensky does not address the fact that the transcript is incomplete.

It is permissible for an appellant to submit only a portion of the

record below to this Court.[1] However, this does not relieve an appellant from the obligation to demonstrate error by the record.[2] Where an appeal draws into question the transcript of the evidence, it is the duty of the appellant to have the transcript prepared at his expense.[3] And it is his duty to make sure the transcript or record *fully* discloses what transpired at trial.[4] Otherwise, he may not meet his burden of showing error from the record.

Here, Rohatensky argues that the record is devoid of any evidence that Woodall paid Nichols, the seller, for the car. But we have only excerpts from the transcript, and so are unable to determine with any degree of certainty what evidence was introduced at trial.

In any event, we have reviewed the limited transcript available to us and find that there is some evidence that Woodall paid value for the car. Woodall's son (and agent) testified that he gave Nichols $14,000 in checks and $16,000 in cash for the car. Woodall's son and Greg Wyatt explained why, in the car business, parties commonly negotiate third-party checks. There was also a bill of sale, signed by Nichols, indicating that the younger Woodall paid $30,000 for the car.

Although Woodall bore the burden to prove at trial his allegation that he was a bona fide purchaser, Rohatensky had the duty on appeal to prepare a record sufficient for this Court to review the judgment of the court below; and where the record does not show the lack of any evidence that plaintiff was a bona fide purchaser, we must assume that the judgment below was correct.[5] Rohatensky has simply not satisfied his burden of showing error affirmatively by the record.[6] This enumeration presents no basis for reversal.

2. Rohatensky contends the judgment was contrary to law because the sale of stolen goods does not divest the person from whom the goods were stolen of his title. While it is true that a sale of stolen goods does not divest the title of the person from whom they were stolen,[7] this principle does not require reversal in this case.

Rohatensky bases his argument on his position that the car was stolen. But Woodall maintains that Rohatensky failed to prove that the car was stolen, pointing to evidence that Rohatensky may have delivered the car to Nichols for him to sell rather than just restore

---

[1] *Jordan v. Johnson*, 223 Ga. App. 875, 876 (479 SE2d 175) (1996); OCGA §§ 5-6-37; 5-6-41.

[2] *Layfield v. Southeastern Constr. Coordinators*, 229 Ga. App. 71, 73 (2) (492 SE2d 921) (1997).

[3] *Oliver v. Green*, 240 Ga. App. 439 (523 SE2d 68) (1999).

[4] See *Carswell v. State*, 251 Ga. App. 733, 736 (3) (555 SE2d 124) (2001).

[5] See generally *Myers v. Wynn*, 201 Ga. App. 764, 765 (412 SE2d 581) (1991).

[6] See *Roach v. Roach*, 237 Ga. App. 264, 265 (514 SE2d 44) (1999).

[7] *First Nat. Bank &c. v. Nat. Dealer Svcs.*, 155 Ga. App. 384, 385 (4) (270 SE2d 911) (1980).

the vehicle (e.g., Rohatensky bought and sold vintage vehicles, he had the car delivered to Nichols with all ownership papers, Nichols was also a buyer and seller of vintage automobiles, there was no work order for repairs, and Rohatensky himself did not report the car stolen). For this Court to resolve this issue, we would have to consider the evidence adduced at trial.

As discussed in Division 1, however, the absence of a complete trial transcript prevents this Court from knowing precisely what evidence was produced at trial. There was some testimony raising the issue of whether the car was stolen, and the jury may not have been convinced that the car was stolen. In such a case, the legal principle relied upon by Rohatensky would not apply.

Furthermore, the true owner of personal property may lose title to that property to an innocent purchaser for value without notice by giving to a third party the indicators of title which usually accompany the authority to dispose of the property.[8] There is evidence that Rohatensky left all of the car's ownership papers in the vehicle when he had it delivered to Nichols. When one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury shall bear the loss.[9] Therefore, Rohatensky has not demonstrated that the verdict was contrary to law.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED OCTOBER 9, 2002.

*David M. Kupsky*, for appellant.
*Albert C. Palmour, Jr., Johnny R. Dennis*, for appellee.

---

[8] See *Benton v. Duvall Livestock Marketing*, 201 Ga. App. 430, 431 (1) (411 SE2d 307) (1991); *Nations v. Lassiter*, 94 Ga. App. 504 (2) (95 SE2d 25) (1956).
[9] *Benton*, supra; *Dealers' Discount Corp. v. Trammell*, 98 Ga. App. 748, 751 (106 SE2d 850) (1958).