A07A1722. STEIN v. GEICO INDEMNITY INSURANCE
COMPANY.
(658 SE2d 153)

ANDREWS, Presiding Judge.

Martha Stein appeals from the trial court's grant of GEICO's motion for summary judgment on its claims against Stein for trover and conversion of a 1994 Chevrolet Corvette. Stein contends that she has presented evidence that she was a good faith purchaser for value and thereby acquired good title to the car. We agree and reverse.

Angelo Koupas bought the Corvette at issue with a loan from First Union Bank and insured the car with GEICO. Koupas later bought a car from a man known as Vincent Moore[1] and at the same time, sold Moore the Corvette. Koupas said that Moore offered him the wholesale price for the Corvette and he agreed. He gave Moore the keys to the Corvette and the payment book, and Moore was supposed to pay off the loan to the bank. Under the agreement, Moore did not owe Koupas any additional money. Koupas said that he could not give Moore the title to the car because First Union held the title. Subsequently, the bank called Koupas and told him that the check sent by Moore to pay off the loan on the car had been dishonored.

Koupas reported the car stolen to the police and filed a claim with GEICO for the loss. GEICO paid the bank for the outstanding amount of the loan and paid Koupas for the value of the car above the amount owed.

In the meantime, Moore sold the Corvette to Martha Stein. Stein stated that after she moved to Savannah, she wanted to buy a

---

[1] It appears that this was an alias and Moore's real name is Hamid Shirazi Golshani.

Corvette and the used car manager at one of the car dealerships told her to call Moore. She did so, and Moore showed her the Corvette. Stein decided to buy the car, but first called SunTrust Bank and spoke to an employee there, who vouched for Moore and said that SunTrust would lend her the money to buy the car from Moore. Because of this, Stein said that she wrote Moore a check for $19,300. She said that Moore gave her a receipt and two or three days later arranged for her to pick up the car. Moore kept assuring Stein that the loan was being paid off and she would soon receive the title. Stein talked to an employee at First Union who told her that Moore had paid off the lien and even faxed Stein a copy of the release of the lien. However, at some point, Stein was told that the check had not cleared and she could not get the title.

GEICO sued Stein for possession of the car or payment of its fair market value, contending that it was the owner of the car. Stein refused to give up the car, claiming that she was a good faith purchaser for value.

GEICO filed a motion for summary judgment arguing that it was entitled to return of the car or payment for the car even if Stein was a good faith purchaser because it held the certificate of title due to its payment of the valid lien held by First Union Bank and its payment to Koupas for his interest in the car. The trial court granted the motion and this appeal followed.

Stein argues that she is the title owner of the car under the "voidable title" doctrine. This is codified at OCGA § 11-2-403 and provides in pertinent part:

> (1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though: (a) The transferor was deceived as to the identity of the purchaser; or (b) The delivery was in exchange for a check which is later dishonored; or (c) It was agreed that the transaction was to be a "cash sale"; or (d) The delivery was procured through fraud punishable as larcenous under the criminal law. (2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business. (3) "Entrusting" includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or

acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law.

In *Mitchell Motors v. Barnett*, 249 Ga. App. 639, 642 (549 SE2d 445) (2001), this Court explained the above Code section as follows:

The "voidable title" doctrine evolved to ameliorate the harshness of the basic rule that a seller can convey no greater title than that seller has to convey. The doctrine attempts to reconcile the rights of a "true owner" who was fraudulently induced to transfer title in goods to a "wrongdoer" with the rights of an innocent purchaser from the wrongdoer. Title in the wrongdoer is "voidable" because the true owner is entitled to rescind the transaction and recover the goods from that individual. The right of rescission is cut off, however, by a transaction to a "good faith purchaser."

Id.

*Mitchell Motors* is directly on point. In that case, Mitchell Motors sold a Jeep to Chris Auto Sales. Chris paid for the Jeep with a check which was later dishonored for insufficient funds. Id. Chris Auto sold the Jeep to Barnett. Although Chris Auto did not give him the certificate of title at the time he bought the Jeep, Barnett assumed that it would be mailed to him at some point. Id. at 640.

Mitchell Motors refused to give Barnett the certificate of title and demanded that Barnett either pay them for the Jeep or return it. Barnett refused. The trial court ruled for Barnett and this Court affirmed, holding that Chris Auto had the power to transfer title to the good faith purchaser even though its check to the original owner was later dishonored. *Mitchell Motors*, supra at 641. Accord *Charles Evans BMW v. Williams*, 196 Ga. App. 230 (395 SE2d 650) (1990) (where car was delivered under a transaction of purchase, even though check was later dishonored, voidable title was conveyed to purchaser who then had the power to transfer *good title* to a good faith purchaser for value). Id. at 231-232.

The definition of "good faith" in this instance is "honesty in fact in the conduct or transaction concerned." OCGA § 11-1-201 (19). There is no evidence in the record that Stein was not a "good faith" purchaser.

Accordingly, any right of rescission of the sale or recovery of the Corvette was cut off by the sale to Stein, a good faith purchaser for value. Therefore, Stein received good title to the Corvette under OCGA § 11-2-403 (1). *Mitchell Motors*, supra; *Charles Evans BMW*, supra.

Because GEICO stands in the shoes of its insured, it can have no greater right of recovery than its insured. See, e.g., *Sanders v. Trinity Universal Ins. Co.*, 285 Ga. App. 705, 708 (647 SE2d 388) (2007). It follows that the trial court erred in granting GEICO's motion for summary judgment and in denying Stein's motion for summary judgment.

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED FEBRUARY 6, 2008 —
RECONSIDERATION DENIED FEBRUARY 25, 2008.

*Duffy & Feemster, Matthew M. Bush,* for appellant.
*Brennan, Harris & Rominger, Mason White, Hunter, Maclean, Exley & Dunn, Kirby G. Mason,* for appellee.